[Cite as *State v. Boyd*, 2020-Ohio-6866.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

| | |
|---|---|
| State of Ohio | Court of Appeals No. E-20-006 |
| Appellee | Trial Court No. 2005 CR 0103 |
| v. | |
| Deonta Boyd | **DECISION AND JUDGMENT** |
| Appellant | Decided: December 23, 2020 |

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, and
Kristin R. Palmer, Assistant Prosecuting Attorney, for appellee.

Deonta Boyd, pro se.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Deonta Boyd, appeals from the March 12, 2020 judgment of the Erie County Court of Common Pleas denying his motion to vacate his guilty plea on the ground that appellant failed to demonstrate a manifest injustice occurred. For the reasons which follow we affirm.

FIRST ASSIGNMENT OF ERROR

Mr. Boyd argues that the trial court abused its discretion in denying his motion to vacate guilty pleas pursuant to Crim.R. 32.1 without a hearing, and finding that Mr. Boyd had not established a manifest injustice.

SECOND ASSIGNMENT OF ERROR

The trial court prejudiced Appellant during the plea hearing when it did not inform him of his Constitutional right to compulsory process, thereby failing to strictly complying with Ohio Crim.R. 11(C)(2)(c) in violation of his Sixth and Fourteenth Amendments to the U.S. Constitution and Article I Section 10 of the Ohio Constitution.

THIRD ASSIGNMENT OF ERROR

Mr. Boyd argues that his guilty plea was invalid and void because the trial court failed to advise him that post release control would be a part of his maximum sentence?

{¶ 2} In 2006, appellant was represented by two attorneys when he agreed to enter guilty pleas to reduced charges of aggravated murder, with a firearm specification, felonious assault, and aggravated burglary. The trial court sentenced appellant to consecutive terms of imprisonment of life with eligibility for parole after 20 years, 3 years for the firearm specification conviction, and 8 years for the aggravated burglary conviction. Appellant did not appeal the judgment of conviction and sentencing despite having been notified of his right to a limited appeal.

2.

{¶ 3} Appellant filed his first post-sentence motion to withdraw his guilty plea in 2007, which was denied by the trial court. Appellant did not appeal from this decision. On January 27, 2020, appellant filed a second motion to withdraw his guilty plea asserting his plea was not intelligently, voluntarily, or knowingly made because he did not understand the maximum penalties involved and had not been notified of his constitutional right to compulsory process. The trial court denied the motion on March 27, 2020, on the ground that appellant had not demonstrated a manifest injustice had occurred.

{¶ 4} In his first assignment of error, appellant presents two arguments. He first argues the trial court abused its discretion in denying his motion to vacate his guilty plea without a hearing. We reject this argument because the trial court may determine such a motion without a hearing. *State v. Ridenour*, 12th Dist. No. CA2005-05-017, 2006-Ohio-500, ¶ 14-15 (no hearing is required to determine a motion to withdraw a guilty plea after sentencing where the facts alleged would not require the trial court to grant the motion to withdraw the plea).

{¶ 5} Second, appellant argues that the trial court erred by finding that Mr. Boyd had not established a manifest injustice. Appellant's second and third assignments of error relate to the validity of the guilty plea. We find all of these arguments are barred by the doctrine of res judicata.

{¶ 6} The doctrine of res judicata bars an offender from raising an issue in a post-sentence motion to withdraw a guilty plea which was or could have been raised on

3.

appeal. *State v. Straley*, 159 Ohio St.3d 82, 2019-Ohio-5206, 147 N.E.3d 623, ¶ 15, citing *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 59; *State v. Harper*, Slip Opinion No. 2020-Ohio-2913, ¶ 43 ("caution[ing] prosecuting attorneys, defense counsel, and pro se defendants throughout this state that they are now on notice that any claim that the trial court has failed to properly impose postrelease control in the sentence must be brought on appeal from the judgment of conviction or the sentence will be subject to res judicata."); *State v. Harris*, 6th Dist. Lucas No. L-20-1022, 2020-Ohio-4699, ¶ 4. The doctrine also bars filing repetitive motions to withdraw a guilty plea. *State ex rel. Hughes v. Cuyahoga Cty.*, 151 Ohio St.3d 45, 2017-Ohio-7780, 85 N.E.3d 723, ¶ 5.

{¶ 7} In this case, appellant's arguments could have been raised on appeal. The issues could have been or were raised in his first motion to withdraw his guilty plea and could have been asserted on appeal from the judgment denying his first motion to withdraw his guilty plea. Therefore, any arguments appellant could have raised regarding the entry of his guilty plea are now barred under the doctrine of res judicata and his second motion to withdraw his guilty plea should have been dismissed on that ground. Therefore, we affirm the trial court's judgment, but on different grounds. We find appellant's three assignments of error not well-taken.

{¶ 8} Having found that the trial court did not commit error prejudicial to appellant and that substantial justice has been done, the judgment of the Erie County

4.

Court of Common Pleas is affirmed.  Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Christine E. Mayle, J.

_____
JUDGE

Gene A. Zmuda, P.J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.