[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ogle v. Hocking Cty. Common Pleas Court*, Slip Opinion No. 2021-Ohio-4453.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-4453

THE STATE EX REL. OGLE, APPELLANT, *v.* HOCKING COUNTY COMMON PLEAS COURT ET AL., APPELLEES.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ogle v. Hocking Cty. Common Pleas Court*, Slip Opinion No. 2021-Ohio-4453.]**

*Mandamus—Prohibition—Motion for Disqualification—Sixth Amendment—A petition for writs of mandamus and prohibition seeking to have a sentencing entry rendered void survives when the petitioner states a colorable claim for a violation of her Sixth Amendment right to counsel—Motion for disqualification correctly denied when the attorney against whom disqualification is sought never represented the movant and therefore owed her no duty of loyalty—Court of appeals' judgment affirmed in part and reversed in part and cause remanded.*

(No. 2021-0234—Submitted August 3, 2021—Decided December 21, 2021.)

APPEAL from the Court of Appeals for Hocking County, No. 20CA9.

_____

**Per Curiam.**

{¶ 1} Appellant, Melanie A. Ogle, appeals the judgment of the Fourth District Court of Appeals dismissing her complaint for writs of mandamus and prohibition against appellees, Judge Dale A. Crawford and the Hocking County Common Pleas Court, and denying her motion for disqualification of attorney Randall L. Lambert. We affirm the denial of the motion for disqualification. However, we reverse the dismissal of the prohibition and mandamus claims and remand the case for further proceedings.

## I. Background

{¶ 2} In August 2011, a Hocking County jury found Ogle guilty of assaulting a peace officer, in violation of R.C. 2903.13. *State v. Ogle*, Hocking C.P. No. 09CR0125 (Sept. 28, 2011). Ogle was represented by counsel at trial.

{¶ 3} On September 16, 2011, prior to sentencing, Judge Crawford placed Ogle on house arrest. Judge Crawford's order stated, in part, that Ogle would be "released on a Recognizance Bond with the conditions as follows: (1) the Defendant is to have no contact, direct or indirect, with any juror, witness, *lawyer* or the Court while on bond." (Emphasis added.) On September 21, Ogle filed a "Notice of Pro Se Appearance."

{¶ 4} On September 27, Judge Crawford held a sentencing hearing. At the outset, Ogle refused to sign a waiver-of-counsel form, insisting that she did not waive her right to counsel but had "an inability to obtain counsel." Judge Crawford asked Ogle three times whether she wished for the court to appoint counsel to represent her. Ogle did not directly answer the judge's question but responded each time that she did not waive her right to counsel. Ogle did not explain why she was unable to obtain counsel, but she apparently believed that Judge Crawford's September 16 order forbade her from speaking to an attorney. Judge Crawford told Ogle, "I will take your notice of pro se appearance as a voluntary waiver of your right to counsel at this point in time because you have not requested the Court

2

appoint counsel on your behalf." Ogle continued to assert that she did not waive her right to counsel, prompting Judge Crawford to say the following:

> Well, as I said, I could have ten different hearings, Mrs. Ogle, with you, and you could say the same thing, 'I haven't waived my right to counsel' and then I don't know what I am supposed to do. I can't force counsel upon you. I have asked you if you want the Court to appoint counsel since you can't afford one. You won't answer yes under that question so I am going to proceed with sentencing.

Judge Crawford then conducted the hearing, at the end of which he imposed a sentence of six months in the county jail and ordered Ogle to pay a $2,500 fine, $792.65 in restitution, and court costs. When asked if she had anything else to say, Ogle again stated: "I do not waive my right to counsel. I have an inability to obtain counsel and this hearing is being held in violation of my Sixth and Fourteenth Amendment rights to the Constitution of the United States." On September 28, Judge Crawford journalized the sentencing entry.

{¶ 5} The court of appeals affirmed Ogle's conviction. *State v. Ogle*, 4th Dist. Hocking Nos. 11CA29, 11CA32, 12CA2, 12CA11, 12CA12, and 12CA19, 2013-Ohio-3420.

{¶ 6} On September 30, 2020, Ogle filed a complaint for writs of mandamus and prohibition in the court of appeals. She alleged that Judge Crawford had no jurisdiction to hold the September 27, 2011 sentencing hearing, because she had not waived her right to counsel. She asked the court of appeals for writs of mandamus and prohibition as a means to void the September 28, 2011 sentencing entry.

{¶ 7} Judge Crawford and the Hocking County Common Pleas Court, represented by Lambert, filed a motion to dismiss Ogle's complaint. Ogle filed a memorandum in opposition to the motion to dismiss and a motion to disqualify Lambert as counsel. Ogle claimed that Lambert had represented Trent Woodgeard in a lawsuit that she had filed against Woodgeard in federal court. Woodgeard, a Hocking County sheriff's deputy, was the peace officer whom Ogle was convicted of assaulting in 2011. *See Ogle* at ¶ 41. Ogle argued that it was a conflict of interest for Lambert to represent both Judge Crawford, who presided over her criminal trial, and Deputy Woodgeard, who was "the false accuser, alleged victim, and sole witness against" her in that same criminal trial.

{¶ 8} On January 7, 2021, the court of appeals granted the motion to dismiss. 4th Dist. Hocking No. 20CA9. The court of appeals held that prohibition would not lie, because Judge Crawford had general jurisdiction over Ogle's felony case. In addition, the court held that Ogle was not entitled to mandamus relief, because she had an adequate remedy by way of direct appeal to assert her right-to-counsel claim. The court of appeals denied the motion to disqualify Lambert because there was no evidence that an attorney-client relationship had ever existed between Lambert and Ogle.

{¶ 9} Ogle appealed to this court as of right.

## II. Legal analysis

### A. The dismissal of Ogle's prohibition complaint

{¶ 10} To be entitled to a writ of prohibition, Ogle must establish the exercise of judicial power, the lack of authority for the exercise of that power, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Elder v. Camplese*, 144 Ohio St.3d 89, 2015-Ohio-3628, 40 N.E.3d 1138, ¶ 13. However, if the absence of jurisdiction is patent and unambiguous, she need not establish the third prong—the lack of an adequate remedy in the ordinary course of law. *State ex rel. Sapp v. Franklin Cty. Court of Appeals*, 118 Ohio St.3d 368, 2008-Ohio-

4

2637, 889 N.E.2d 500, ¶ 15. We review de novo a decision granting a motion to dismiss under Civ.R. 12(B)(6). *Alford v. Collins-McGregor Operating Co.*, 152 Ohio St.3d 303, 2018-Ohio-8, 95 N.E.3d 382, ¶ 10.

{¶ 11} There is no dispute that Judge Crawford exercised judicial authority. The court of appeals reasoned that his exercise of that authority was lawful because R.C. 2931.03 vests the common pleas court with original jurisdiction over most criminal matters, including the felony charge against Ogle. But according to Ogle, the issue is not Judge Crawford's general jurisdiction, but whether she alleged facts to suggest that her sentencing entry was void.

{¶ 12} Ogle's argument rests on the United States Supreme Court's decision in *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). Johnson was convicted in federal court of counterfeiting money, following a trial at which he was not provided counsel. *Id*. at 459-460. Johnson later filed a petition for a writ of habeas corpus based on the denial of his constitutional right to counsel. The district court denied relief on the ground that any such deprivation was an error to be corrected on appeal, not a defect that rendered the judgment of the trial court void. *Id*. at 459. The United States Supreme Court reversed, holding that "[a] court's jurisdiction at the beginning of trial may be lost 'in the course of the proceedings' due to failure to complete the court—as the Sixth Amendment requires—by providing counsel for an accused who is unable to obtain counsel, who has not intelligently waived this constitutional guaranty, and whose life or liberty is at stake." *Id*. at 468. If these requirements are not met, the trial court no longer has jurisdiction and the judgment of conviction is void. *Id*.

{¶ 13} We recently clarified that "[a] sentence is void only if the sentencing court lacks jurisdiction over the subject matter of the case or personal jurisdiction over the accused," *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, ¶ 27, but the declaration in *Zerbst* that a Sixth Amendment violation renders an associated conviction void remains in force.

{¶ 14} Appellees argue that the United States Supreme Court overruled *Zerbst* in *Edwards v. Arizona*, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). This is incorrect. *Edwards* changed the standard for what constitutes a waiver of the right to counsel (in the context of a police interrogation), but it did not overrule the holding in *Zerbst* that if there is no valid waiver of the right to counsel at trial, then the resulting conviction is void.

{¶ 15} Alternatively, appellees contend that Ogle's claim is barred by res judicata, either because she raised the issue that the trial court erred by sentencing her in violation of her Sixth and Fourteenth Amendment rights in her direct appeal or because she did so unsuccessfully in a federal habeas corpus proceeding. However, res judicata is an affirmative defense and is not a proper basis for dismissal for failure to state a claim upon which relief can be granted. *State ex rel. Neguse v. McIntosh*, 161 Ohio St.3d 125, 2020-Ohio-3533, 161 N.E.3d 571, ¶ 10.

{¶ 16} Next, appellees suggest that this court should affirm the dismissal of Ogle's complaint for failure to state a claim. They contend that Ogle never asserted her Sixth Amendment right to counsel and therefore waived it. But the transcript of the sentencing hearing shows that Ogle never expressly waived her right to counsel; to the contrary, she repeatedly asserted it and expressly invoked the Sixth Amendment at least four times during the hearing. Courts disfavor self-representation and will therefore " 'indulge in every reasonable presumption against waiver [of counsel].' " (Brackets added in *Hackett*) *State v. Hackett*, 164 Ohio St.3d 74, 2020-Ohio-6699, 172 N.E.3d 75, ¶ 56 (Stewart, J., concurring), quoting *Brewer v. Williams*, 430 U.S. 387, 404, 97 S.Ct. 1232, 51 L.Ed.2d 44 (1977). Ogle has at least pleaded a colorable claim that she did not waive her Sixth Amendment right to counsel and, in fact, she expressly asserted it.

{¶ 17} Alternatively, appellees contend that Ogle waived her right to counsel because she failed to complete an affidavit of indigency. But the Sixth Amendment right to counsel is not limited only to indigent defendants. The Sixth

Amendment guarantees a defendant "the right to be represented by an otherwise qualified attorney whom that defendant can afford to hire, or who is willing to represent the defendant even though he is without funds." *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 624-625, 109 S.Ct. 2646, 105 L.Ed.2d 528 (1989). And when a court wrongfully denies a defendant her counsel of choice, the court has committed structural error. *United States v. Gonzalez-Lopez*, 548 U.S. 140, 150, 126 S.Ct. 2557, 165 L.Ed.2d 409 (2006); *see also State v. Chambliss*, 128 Ohio St.3d 507, 2011-Ohio-1785, 947 N.E.2d 651, ¶ 18 ("the erroneous deprivation of a defendant's choice of counsel entitles him to an automatic reversal of his conviction"). In this case, Ogle has alleged that Judge Crawford's September 16, 2011 order prevented her from retaining or consulting with *any* counsel, regardless of her ability to pay.

{¶ 18} Finally, appellees argue that Judge Crawford subsequently cured any constitutional defect in the bond order. On November 22, 2011, Judge Crawford conducted another hearing in order to clarify any misunderstanding that Ogle may have had regarding the September 16, 2011 order and her ability to have contact with a lawyer. Judge Crawford informed Ogle, "If you want a lawyer, I would be happy to appoint [a] lawyer *for you for purposes of your appeal*," and he informed Ogle that he would appoint counsel for her bond argument, so long as she filled out an affidavit of indigency. (Emphasis added.) But this offer did not cure the alleged problem, because it did not vacate the sentencing entry. Judge Crawford issued an order and notice on November 22, 2011, stating that the September 16 bond order "did not, and does not, prohibit her from contacting counsel to represent her on any matter." But that modification of the September bond order only freed Ogle to retain counsel for her appeal; it did not vacate the unlawful sentencing entry.

{¶ 19} In sum, Ogle has stated a colorable claim that Judge Crawford violated her Sixth Amendment rights when he ordered her to not communicate with any lawyer and then sentenced her and that this error rendered the sentencing entry

void. Judge Crawford may (or may not) have a meritorious res judicata defense, but that issue is premature at this stage of the proceedings. We reverse the court of appeals' judgment dismissing Ogle's complaint for a writ of prohibition and remand the case for further proceedings.

### B. The dismissal of Ogle's mandamus complaint

{¶ 20} To be entitled to a writ of mandamus, a party must establish by clear and convincing evidence (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6, 13. For a court to dismiss a mandamus complaint pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that the relator can prove no set of facts warranting relief after all factual allegations of the complaint are presumed true and all reasonable inferences are made in the relator's favor. *State ex rel. Natl. Elec. Contrs. Assoc. v. Ohio Bur. of Emp. Servs.*, 83 Ohio St.3d 179, 181, 699 N.E.2d 64 (1998). This court reviews de novo a decision granting a motion to dismiss under Civ.R. 12(B)(6). *Alford*, 152 Ohio St.3d 303, 2018-Ohio-8, 95 N.E.3d 382, at ¶ 10.

{¶ 21} The court of appeals dismissed Ogle's mandamus complaint pursuant to the general rule that mandamus will not lie when the petitioner has an adequate remedy in the ordinary course of the law. But there is an exception to this rule: "[W]hen there is a patent and unambiguous lack of jurisdiction, [mandamus] relief is warranted 'to prevent any future unauthorized exercise of jurisdiction and to correct the results of prior jurisdictionally unauthorized actions, notwithstanding the availability of appeal.' " *State ex rel. Davis v. Janas*, 160 Ohio St.3d 187, 2020-Ohio-1462, 155 N.E.3d 822, ¶ 10, quoting *State ex rel. Dannaher v. Crawford*, 78 Ohio St.3d 391, 393, 678 N.E.2d 549 (1997). The logic of our prohibition analysis applies with equal force to the mandamus claim. We therefore reverse the judgment

of the court of appeals dismissing the mandamus complaint and remand this case for further proceedings.

### C. Ogle's motion to disqualify opposing counsel

{¶ 22} Lambert represented Deputy Woodgeard in federal litigation filed by Ogle. According to Ogle, Lambert knows that false testimony was presented in that proceeding and that she was framed in the underlying criminal proceedings; she therefore contends that Lambert has an interest in not allowing the truth to come to light in the present case. Whatever the truth of these allegations, they do not describe a conflict of interest that would warrant disqualification.

{¶ 23} A conflict of interest is "a 'struggle to serve two masters.' " *State v. Strickland*, 2d Dist. Montgomery No. 25673, 2014-Ohio-5451, ¶ 17, quoting *Cuyler v. Sullivan*, 446 U.S. 335, 349, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). "The possibility of a conflict of interest exists when counsel has a reason to further or serve interests that are different from those *of his client*. An actual conflict of interest exists when counsel is actively representing, furthering, or serving those other interests (that are different from those *of his client*)." (Emphasis added.) *State v. Caulley*, 10th Dist. Franklin No. 12AP-100, 2012-Ohio-2649, ¶ 21. Because Ogle has never been a client of Lambert's, she is not owed any duty of loyalty by Lambert, and she has no standing to complain of a conflict in his representation of Judge Crawford and the Hocking County Common Pleas Court. *See*, *e.g., State ex rel. Parisi v. Dayton Bar Assn. Certified Grievance Commt.*, 159 Ohio St.3d 211, 2019-Ohio-5157, 150 N.E.3d 43, ¶ 11. For this reason, the court of appeals properly denied the motion to disqualify Lambert.

### III. Conclusion

{¶ 24} We affirm the court of appeals' denial of Ogle's motion to disqualify Lambert. We reverse the court of appeals' dismissal of Ogle's complaint for writs of mandamus and prohibition for the reasons stated herein and remand this matter for further proceedings on Ogle's petition for extraordinary relief.

Judgment affirmed in part

and reversed in part,

and cause remanded.

O'CONNOR, C.J., and FISCHER, DONNELLY, STEWART, and BRUNNER, JJ.,

concur.

KENNEDY, J., dissents, with an opinion joined by DEWINE, J.

_____

**KENNEDY, J., dissenting.**

{¶ 25} The deprivation of counsel at a critical phase of a criminal proceeding is structural error and is automatically reversible if asserted on direct appeal, but a violation of the Sixth Amendment does not divest the common pleas court of subject-matter jurisdiction. Because appellee Judge Dale A. Crawford did not patently and unambiguously lack jurisdiction to sentence appellant, Melanie A. Ogle, after she was found guilty of assaulting a peace officer, I would affirm the judgment of the Fourth District Court of Appeals. Therefore, I dissent.

{¶ 26} The majority opinion omits some important facts. After the jury found Ogle guilty of assaulting a peace officer, Ogle's attorneys withdrew from the case. *See State v. Ogle*, Hocking C.P. No. 09 CR 0125 (Sept. 27, 2011). While Ogle awaited sentencing, the trial court placed her on house arrest. The own-recognizance-bond ("OR bond") order prohibited her from having "contact, direct or indirect, with any juror, witness, lawyer or the Court while on bond." The state moved to revoke the OR bond because Ogle allegedly "had direct, confrontational contact with a juror" in her criminal case. In response to the state's motion, Ogle filed a "Notice of Pro Se Appearance" with appellee Hocking County Common Pleas Court. In that notice, she stated that she "knowingly, intelligently and voluntarily waives her right of counsel." Ogle also stated in the notice that she had recently retained three attorneys "for the purpose of defending a maliciously filed motion to revoke bond, an illegal arrest warrant issued by the Court against

Defendant, and violation of Defendant's rights to due process regarding the same." However, she informed the court that because she was no longer able to pay for their representation, she was proceeding pro se "at this time, or until subsequent notice."

{¶ 27} At the sentencing hearing, Ogle appeared without counsel and asserted that she was revoking her waiver of her right to counsel. When the trial court asked her whether she had attempted to retain counsel, she replied, "I have an inability to obtain counsel." The trial court asked her whether she was requesting that counsel be appointed, and she again replied, "I have an inability to obtain counsel." The trial court asked Ogle a second time whether she was requesting that counsel be appointed, but she answered only, "I have an inability to obtain counsel" and "I do not waive my right to counsel." The court advised Ogle of her right to be represented by counsel at the sentencing hearing and that the court would appoint counsel for her if the court determined that she was unable to afford an attorney. The court again asked her if she wanted counsel to be appointed, and Ogle responded, "I do not waive my right to counsel and I have an inability to obtain counsel." The trial court therefore treated Ogle's notice of pro se appearance as a voluntary waiver of her right to counsel. The trial court could not appoint counsel when Ogle had not requested counsel, and it could not determine her eligibility for appointed counsel when she did not first fill out an affidavit of indigency.

{¶ 28} During the sentencing hearing, Ogle never asserted that she had not been able to obtain counsel because the OR-bond order prohibited her from contacting any attorney. Notwithstanding the majority's finding to the contrary, Ogle's notice of pro se appearance stated that she had retained three attorneys to challenge the state's motion to revoke her bond. The OR-bond order, therefore, did not stop Ogle from seeking representation.

{¶ 29} Rather, at another hearing almost two months later, Ogle raised the argument that the OR-bond order barred her from contacting any attorney. Yet

even after the trial court informed her that the OR-bond order did not preclude her from contacting an attorney, she again asserted that she did not waive her right to counsel, that she was unable to obtain counsel, and that the court therefore had no jurisdiction to hold a sentencing hearing or a bond hearing.

{¶ 30} Based on these facts, it is not reasonable to conclude that Ogle's belief that the OR-bond order prohibited her from contacting an attorney was the reason she failed to obtain representation for the sentencing hearing or the reason she refused Judge Crawford's offer to appoint counsel for her. Ogle does not have the right to stonewall the court by asserting her right to counsel, failing to obtain counsel, and refusing to complete an affidavit of indigency to allow the court to appoint counsel for her. The accused's parallel rights to counsel and to self-representation "cannot be manipulated to frustrate the orderly processes of the trial court." *Fischetti v. Johnson*, 384 F.3d 140, 151 (3d Cir.2004). Moreover, Judge Crawford did not prevent Ogle from obtaining her counsel of choice, and Ogle had no right to "insist on representation by an attorney [she] cannot afford or who for other reasons declines to represent [her]," *Wheat v. United States*, 486 U.S. 153, 159, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988). And because Ogle failed to establish her indigence in the first instance, she had no right to appointed counsel. *See Gideon v. Wainwright*, 372 U.S. 335, 344, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).

{¶ 31} "[T]he Sixth Amendment guarantees a defendant the right to have counsel present at all 'critical' stages of the criminal proceedings," *Montejo v. Louisiana*, 556 U.S. 778, 786, 129 S.Ct. 2079, 173 L.Ed.2d 955 (2009), and sentencing is a critical stage of the proceedings, *Gardner v. Florida*, 430 U.S. 349, 358, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977). But even if Judge Crawford had denied Ogle the right to counsel at sentencing, doing so would not have divested the court of subject-matter jurisdiction or rendered her judgment of conviction void ab initio.

{¶ 32} In the nineteenth and early-twentieth centuries, the United States Supreme Court construed the law so that the court could not issue a writ of habeas

corpus unless the trial court had lacked jurisdiction. *See United States v. Cotton*, 535 U.S. 625, 630, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002). "The Court's desire to correct obvious constitutional violations led to a 'somewhat expansive notion of "jurisdiction." ' " *Id.*, quoting *Custis v. United States*, 511 U.S. 485, 494, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994). The Supreme Court therefore relaxed the rule that a writ of habeas corpus was unavailable "by the device of holding that various illegalities deprived the trial court of jurisdiction." *Withrow v. Williams*, 507 U.S. 680, 719, 113 S.Ct. 1745, 123 L.Ed.2d 407 (1993) (Scalia, J., concurring in part and dissenting in part). For example, the Supreme Court held that trial courts lacked jurisdiction to violate the Double Jeopardy Clause, *Ex parte Lange*, 85 U.S. 163, 176, 21 L.Ed. 872 (1873), to try the accused for the violation of an unconstitutional law, *Ex parte Siebold*, 100 U.S. 371, 376-377, 25 L.Ed. 717 (1879), and relevant here, to completely deny the accused the assistance of counsel in violation of the Sixth Amendment, *Johnson v. Zerbst*, 304 U.S. 458, 468, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). Notably, these cases addressed the jurisdiction of federal courts. They did not hold that a violation of the United States Constitution affects the subject-matter jurisdiction of Ohio courts, which is conferred by the Ohio Constitution and by statute, *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 24-25.

{¶ 33} The Supreme Court departed from its earlier cases in *Waley v. Johnston*, 316 U.S. 101, 104-105, 62 S.Ct. 964, 86 L.Ed. 1302 (1942), holding that "the use of the writ in the federal courts to test the constitutional validity of a conviction for crime is not restricted to those cases where the judgment of conviction is void for want of jurisdiction of the trial court to render it." In *Waley*, the Supreme Court "openly discarded the concept of jurisdiction" that was articulated in cases such as *Zerbst* as a concept that had become "more a fiction than anything else." *Wainwright v. Sykes*, 433 U.S. 72, 79, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). As the Supreme Court explained in *Cotton*, its prior "elastic

concept of jurisdiction is not what the term 'jurisdiction' means today, *i.e.*, 'the courts' statutory or constitutional *power* to adjudicate the case.' " (Emphasis sic.) 535 U.S. at 630, 122 S.Ct. 1781, 152 L.Ed.2d 860, quoting *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 89, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). Subject-matter jurisdiction refers only to "the classes of cases * * * falling within a court's adjudicatory authority," *Kontrick v. Ryan*, 540 U.S. 443, 455, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004), and it is not dependent on the rights or obligations of the parties, *Landgraf v. USI Film Prods.*, 511 U.S. 244, 274, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994); *see also Rockwell Internatl. Corp. v. United States*, 549 U.S. 457, 467, 127 S.Ct. 1397, 167 L.Ed.2d 190 (2007) ("It is true enough that the word 'jurisdiction' does not in every context connote subject-matter jurisdiction").

{¶ 34} The Supreme Court, therefore, no longer treats denying an accused the assistance of counsel—either entirely or during a critical phase of the proceeding—as an error divesting the trial court of subject-matter jurisdiction. Rather than a jurisdictional error, denying an accused the assistance of counsel at a critical phase of trial is a structural error from which a presumption of prejudice arises. *See United States v. Cronic*, 466 U.S. 648, 658-659, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984), fn. 25. The existence of structural error, however, does not render the conviction void ab initio but rather, "[i]t means only that the government is not entitled to deprive the defendant of a new trial by showing that the error was 'harmless beyond a reasonable doubt,' " *Weaver v. Massachusetts*, ___ U.S. ___, ___, 137 S.Ct. 1899, 1910, 198 L.Ed.2d 420 (2017), quoting *Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

{¶ 35} The presence of a structural error is therefore distinguishable from the trial court's lacking subject-matter jurisdiction. In *Weaver*, for example, the existence of a structural error (the denial of a public trial by closing the courtroom during jury selection) did not permit a collateral attack on the conviction based on ineffective assistance of counsel absent a showing of prejudice. *Id.* at __, 137 S.Ct.

14

at 1913. In contrast, subject-matter jurisdiction cannot be waived or forfeited and may be asserted at any time. *State v. Mbodji*, 129 Ohio St.3d 325, 2011-Ohio-2880, 951 N.E.2d 1025, ¶ 10. And when subject-matter jurisdiction is lacking, the case must be dismissed, not remanded. *See Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 21; *compare United States v. Gonzalez-Lopez*, 548 U.S. 140, 152, 126 S.Ct. 2557, 165 L.Ed.2d 409 (2006) (remanding for further proceedings after holding that the trial court had violated the accused's right to counsel of choice).

{¶ 36} Our cases have not treated the denial of the right to the assistance of counsel as a jurisdictional error either. We have explained that "[c]laims involving * * * the alleged denial of the right to counsel are not cognizable in habeas corpus." *State ex rel. Rackley v. Sloan*, 150 Ohio St.3d 11, 2016-Ohio-3416, 78 N.E.3d 819, ¶ 8, quoting *Bozsik v. Hudson*, 110 Ohio St.3d 245, 2006-Ohio-4356, 852 N.E.2d 1200, ¶ 7.

{¶ 37} Further, like the United States Supreme Court, we have recognized that subject-matter jurisdiction involves the question whether the judicial forum is competent to hear a particular type or class of case, and it " 'is determined without regard to the rights of the individual parties involved in a particular case.' " *Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, at ¶ 23, quoting *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 19.

{¶ 38} "[P]ursuant to R.C. 2931.03, 'a common pleas court has subject-matter jurisdiction over felony cases.' " *Id.* at ¶ 25, quoting *Smith v. Sheldon*, 157 Ohio St.3d 1, 2019-Ohio-1677, 131 N.E.3d 1, ¶ 8. The trial court, then, was the proper forum to sentence Ogle for committing a felony, and consideration of whether the court denied her the assistance of counsel addresses the rights of the parties, not the adjudicatory power of the court. The trial court therefore had subject-matter jurisdiction over the case, and "when a specific action is within a

court's subject-matter jurisdiction, any error in the exercise of that jurisdiction renders the court's judgment voidable, not void," *id.* at ¶ 26.

{¶ 39} Today, the majority propagates the confusion we have recently sought to dispel between the existence of subject-matter jurisdiction (which involves only whether the court has the constitutional and statutory power to hear a specific type of case) and errors in the exercise of that subject-matter jurisdiction (which render the judgment voidable on appeal, not void ab initio), such as denying an accused the assistance of counsel. *See id.*; *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, ¶ 34; *see also Kuchta* at ¶ 18 ("The often unspecified use of this polysemic word ['jurisdiction'] can lead to confusion and has repeatedly required clarification as to which type of 'jurisdiction' is applicable in various legal analyses").

{¶ 40} Ogle has not shown that Judge Crawford patently and unambiguously lacked subject-matter jurisdiction when he imposed a sentence on her more than a decade ago. Therefore, I dissent and would affirm the appellate court's judgment dismissing Ogle's complaint for a writ of prohibition.

DEWINE, J., concurs in the foregoing opinion.

_____

Melanie A. Ogle, pro se.

Lambert Law Office, Randall L. Lambert, and Cassaundra L. Stark, for appellees.

_____