[Cite as *State ex rel. Boyd v. Tone*, 2023-Ohio-323.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio, ex rel., Deonta Boyd

    Relator

v.

Judge Tygh M. Tone

    Respondent

Court of Appeals No.  E-23-001

**<u>DECISION AND JUDGMENT</u>**

Decided:  February 1, 2023

* * * * *

Deonta Boyd, Pro se.

Kevin J. Baxter, Erie County Prosecuting Attorney, and
Gerhard R. Gross, Assistant Prosecuting Attorney, for Respondent.

* * * * *

**DUHART, J.**

{¶ 1} This matter is before the court on the complaint for writ of mandamus filed by relator, Deonta Boyd, on January 3, 2023.  Boyd requests that we "issue a writ of mandamus ordering [respondent,] Judge [Tygh] Tone[,] to void and vacate the June 5,

2006 Judgment Entry of Pleas and Judgment Entries on Case Nos. 2005-CR-103 and 2005-CR-643, [sic] and to conduct a proper review of the motion to withdraw as counsel, since Judge Tone never ruled on said motion." For the reasons that follow, we deny the writ.

## Relevant Background

{¶ 2} Boyd was indicted, in case No. 2004-CR-643, in Erie County, on aggravated burglary. On March 10, 2005, Boyd was indicted, in case No. 2005-CR-103, in Erie County, then on March 28, 2005, the indictment charging Boyd with, inter alia, aggravated murder with specification of aggravating circumstances was amended to reflect the proper spelling of Boyd's first name.

{¶ 3} At Boyd's arraignments in case Nos. 2004-CR-643 and 2005-CR-103, he was represented by counsel, and entered pleas of not guilty to the charges.

{¶ 4} On June 5, 2005, in case No. 2005-CR-103, Boyd's trial counsel filed a motion to withdraw as counsel due to a conflict, as counsel represented Boyd's step-father, and the step-father was a material witness for the state against Boyd. At a hearing held on June 15, 2005, Boyd's trial counsel orally requested to withdraw as counsel in case No. 2004-CR-643. On June 22, 2005, the trial court granted the motion to withdraw as counsel, filed in case No. 2005-CR-103, and the trial court also permitted Boyd's counsel to withdraw as counsel, in case No. 2004-CR-643. Two attorneys were then appointed by the court to represent Boyd in both cases. Thereafter,

2.

In 2006, [Boyd] was represented by two attorneys when he agreed to enter guilty pleas to reduced charges of aggravated murder, with a firearm specification, felonious assault, and aggravated burglary. The trial court sentenced [Boyd] [on June 5, 2006,] to consecutive terms of imprisonment of life with eligibility for parole after 20 years, 3 years for the firearm specification conviction, and 8 years for the aggravated burglary conviction. *[Boyd] did not appeal the judgment of conviction and sentencing despite having been notified of his right to a limited appeal.*

[Boyd] filed his first post-sentence motion to withdraw his guilty plea in 2007, which was denied by the trial court. [Boyd] did not appeal from this decision. On January 27, 2020, [Boyd] filed a second motion to withdraw his guilty plea asserting his plea was not intelligently, voluntarily, or knowingly made because he did not understand the maximum penalties involved and had not been notified of his constitutional right to compulsory process. The trial court denied the motion on March [12], 2020, on the ground that [Boyd] had not demonstrated a manifest injustice had occurred. (Emphasis added.)

*State v. Boyd*, 6th Dist. Erie No. E-20-006, 2020-Ohio-6866, ¶ 2-3.

{¶ 5} Boyd appealed the trial court's March 12, 2020 denial of his motion to withdraw plea. *Id.* at ¶ 1. We found Boyd's arguments could have been raised on direct

3.

appeal, and the issues could have been or were raised in his first motion to withdraw guilty plea and could have been asserted on appeal from the judgment denying his first motion to withdraw guilty plea. *Id.* at ¶ 7. We further found any arguments Boyd could have raised concerning the entry of his guilty plea were barred under the doctrine of res judicata, and his second motion to withdraw guilty plea should have been dismissed on that ground. *Id.* We affirmed the trial court's judgment, but on different grounds. *Id.*

{¶ 6} Now, Boyd has filed a complaint for writ of mandamus seeking a proper review of the motion to withdraw as counsel, as he claims Judge Tone never ruled on the motion. Boyd further claims Judge Tone had no jurisdiction to accept Boyd's plea or to sentence Boyd since Boyd was deprived of his counsel of choice. Boyd submits he brings his writ on the authority of *State ex rel. Ogle v. Hocking Cty. Common Pleas Court*, 167 Ohio St.3d 181, 2021-Ohio-4453, 190 N.E.3d 594.

## Law

### Mandamus

{¶ 7} To be entitled to a writ of mandamus, the relator must demonstrate he has a clear legal right to the relief, that the respondent has a clear legal duty to provide that relief, and the relator has no adequate remedy at law. *State ex rel. Culgan v. Collier*, 135 Ohio St.3d 436, 2013-Ohio-1762, ¶ 7.

**Right to Counsel**

{¶ 8} The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to counsel for his defense. *Accord* Ohio Constitution, Article I, Section 10. "[One] element of [that] right is the right of a defendant who does not require appointed counsel to choose who will represent him." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 144, 126 S.Ct. 2557, 165 L.Ed.2d 409 (2006). If a defendant has the ability to retain a qualified attorney, the Sixth Amendment generally protects his choice of counsel. *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 625, 109 S.Ct. 2646, 105 L.Ed.2d 528 (1989). A court commits structural error when it wrongfully denies a defendant his counsel of choice, thus a defendant need not demonstrate further prejudice. *Gonzalez-Lopez* at 150.

{¶ 9} Though fundamental, the constitutional right to one's counsel of choice is not absolute. *Wheat v. United States*, 486 U.S. 153, 159, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988). Trial courts have an "independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them." *Id.* at 160. Hence, an actual conflict of interest and "a showing of a serious potential for conflict" justify a trial court's removal of a defendant's counsel of choice. *Id.* at 164. A trial court's pretrial ruling removing a criminal defendant's retained counsel of choice is subject to immediate appeal. *State v. Chambliss*, 128 Ohio St.3d 507, 2011-Ohio-1785, 947 N.E.2d 651, syllabus.

5.

## *Ogle* case

{¶ 10} In *Ogle*, 167 Ohio St.3d 181, 2021-Ohio-4453, 190 N.E.3d 594, the case upon which Boyd relies in his complaint, Ogle filed, inter alia, a complaint for a writ of mandamus alleging the trial court judge had no jurisdiction to hold a sentencing hearing, because Ogle had not waived her right to counsel. *Id.* at ¶ 6. The attorney for the judge and trial court filed a Civ.R. 12(B)(6) motion to dismiss, which the appellate court granted. *Id.* at ¶ 7, 8, 10. Ogle appealed. *Id.* at ¶ 9.

{¶ 11} The attorney for the judge and trial court requested that the Supreme Court affirm the dismissal of Ogle's complaint for failure to state a claim, arguing Ogle never asserted her Sixth Amendment right to counsel and therefore waived it. *Id.* at ¶ 16. The attorney also asserted Ogle's claim was barred by res judicata, either because she raised the issue in her direct appeal or she raised the issue unsuccessfully in a federal habeas corpus proceeding. *Id.* at ¶ 15.

{¶ 12} The Supreme Court found res judicata is an affirmative defense and it is not a proper basis for dismissal for failure to state a claim upon which relief can be granted. *Id.* The court further found Ogle had expressly asserted her Sixth Amendment right to counsel, so she pled a colorable claim that she did not waive her right to counsel. *Id.* at ¶ 16. In addition, the court noted the judge "may (or may not) have a meritorious res judicata defense, but that issue is premature at this stage of the proceedings." *Id.* at ¶ 19.

6.

The court reversed the appellate court's judgment dismissing Ogle's mandamus complaint, and remanded the case for further proceedings. *Id.* at ¶ 21.

## Res Judicata

{¶ 13} Under the doctrine of res judicata, an existing final judgment binding the parties is conclusive as to all claims that were or could have been litigated in a first lawsuit. *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 381-382, 653 N.E.2d 226 (1995). The doctrine of res judicata involves both claim preclusion, also called estoppel by judgment, and issue preclusion, traditionally known as collateral estoppel. *Id.* As to claim preclusion, a final judgment or decree, rendered on the merits by a court of competent jurisdiction, is a complete bar to any subsequent action on the same claim between the same parties or those in privity with the parties. *Id.* at 381, citing *Norwood v. McDonald*, 142 Ohio St. 299, 52 N.E.2d 67 (1943), paragraph one of the syllabus. "In the absence of a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party contesting that jurisdiction has an adequate remedy by appeal." *State ex rel. Plant v. Cosgrove*, 119 Ohio St.3d 264, 2008-Ohio-3838, 893 N.E.2d 485, ¶ 5.

## Analysis

{¶ 14} Upon review, Boyd did not file direct appeals from his initial convictions, but he has filed several postconviction pleadings. As set forth above, we affirmed the trial court's denial of Boyd's second motion to withdraw his guilty plea, as we found his

7.

arguments were barred by the doctrine of res judicata.  *Boyd*, 6th Dist. Erie No. E-20-006, 2020-Ohio-6866, at ¶ 7.

{¶ 15} Now, Boyd seeks an order to compel Judge Tone to rule on the motion to withdraw as counsel.  We find Boyd is not entitled to this relief, as the trial court did rule on the motion: on June 22, 2005, the trial court granted the June 5, 2005 motion to withdraw as counsel, in case No. 2005-CR-103, and on that same day, the trial court permitted Boyd's counsel to withdraw as counsel, in case No. 2004-CR-643.  We further find Boyd could have raised, on direct appeals, issues related to the withdrawal of his trial counsel, and since Boyd failed to file direct appeals of his convictions, in case Nos. 2004-CR-643 and 2005-CR-103, any issues concerning the withdrawal of his trial counsel are precluded by res judicata.  Accordingly, we deny Boyd's complaint for writ of mandamus, and dismiss the action.

Writ denied.


Thomas J. Osowik, J. _____

_____
JUDGE

Christine E. Mayle, J. _____

Myron C. Duhart, P.J. _____
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.