[Cite as *State ex rel. Freeman v. O'Donnell*, 2023-Ohio-4662.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO, EX REL.,
MAURICE FREEMAN,                                  :

     Relator,                                      :

                                   No. 113187

     v.                                            :

JUDGE JENNIFER O'DONNELL,          :

     Respondent.                                   :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** WRITS DENIED
**DATED:** December 19, 2023

---

Writs of Prohibition and Mandamus
Motion No. 568509
Order No. 570500

---

### *Appearances:*

Maurice Freeman, *pro se*.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, *for respondent*.

EILEEN T. GALLAGHER, J.:

{¶ 1} On September 19, 2023, the relator, Maurice Freeman, commenced this mandamus and prohibition action against the respondent, Judge Nancy

McDonnell.[1] Freeman seeks to void his conviction for having a weapon while under disability in the underlying case, *State v. Freeman,* Cuyahoga C.P. No. CR-01-410924-ZA. He argues that the trial court's summary disposition of the weapons charge deprived him of his right to counsel and under *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed.2d 1461 (1938), and *State ex rel. Ogle v. Hocking Cty. Common Pleas Court,* 167 Ohio St.3d 181, 2021-Ohio-4453, 190 N.E.2d 594, the deprivation of the right to counsel divests the trial court of jurisdiction, rendering the conviction void. On October 11, 2023, the respondent, through the Cuyahoga County Prosecutor, moved for summary judgment, and Freeman filed his brief in opposition on November 6, 2023. For the following reasons, this court grants the respondent's dispositive motion and denies the application for writs of mandamus and prohibition.

**FACTUAL BACKGROUND**

{¶ 2} The evidence in the underlying case shows that on July 25, 2001, after making a phone call at his girlfriend's house, Freeman entered the rear of an automobile that had stopped when Freeman had called out to the front seat passenger. Freeman had been in the car only a short time before the front seat passenger heard a shot fired. He saw Freeman pulling the gun back, and the driver, Alphonso Amos, was trying to snatch the weapon away. A witness who was leaving the girlfriend's house saw the car strike a utility pole. The driver leaped out and ran

---

[1] Judge Jennifer O'Donnell has succeeded Judge Nancy McDonnell. Pursuant to Civ.R. 21 and App.R. 29(C), this court substitutes Judge O'Donnell as the respondent.

a short distance while trailing blood before collapsing. The witness saw the car back away from the pole and drive next to Amos, and he heard another shot, before the car drove away. Amos had suffered a mortal gunshot wound. However, before dying, he said that Maurice Freeman had shot him.

{¶ 3} The grand jury indicted Freeman on two counts of aggravated murder with two firearm specifications, one count of aggravated robbery, and one count of having a weapon while under disability. Before trial, the second count of aggravated murder was nolled. The jury convicted him of aggravated murder but found him not guilty of aggravated robbery. Freeman had agreed to try the weapons charge to the judge. *State v. Freeman*, 8th Dist. Cuyahoga No. 80720, 2002-Ohio-4572.

{¶ 4} After the jury trial, the trial judge and the attorneys were discussing sentencing. The following discourse ensued:

> [The prosecuting attorney]: Your Honor, there's the issue of the weapons while under disability.
>
> The Court: Yes. With respect to Count 4, the case was tried to myself, having the weapon under disability count, and I, in fact, find the defendant guilty of that charge. He will be sentenced on that case as well.
>
> All right. Anything further on behalf of either the State or the defense:
> [The prosecuting attorney]: No, your Honor.
>
> [Defense attorney]: No, your Honor.

(Tr. 788-789.)

{¶ 5} The trial court sentenced Freeman to three years on the firearm specifications, 20 years to life on the aggravated murder charge, and one year concurrent on the weapons charge.

{¶ 6} In the ensuing 20 years, Freeman has filed appeals, habeas corpus petitions, an App.R. 26(B) application to reopen, and postconviction relief petitions. In his April 2020 postconviction petition he contested the conviction for having a weapon while under disability. He argued, inter alia, that he was not allowed appointed counsel during the trial for the weapons charge. He framed this argument as follows: his counsel was not allowed to present argument or evidence, the count was improperly numbered and thus void, he was not allowed a jury trial, and the trial court rendered the verdict at an improper moment in the trial. In *Ohio v. Freeman,* 8th Dist. Cuyahoga No. 109744, 2012-Ohio-1489, this court held that these claims were, once again, meritless. It ruled that "Freeman was arraigned on these charges on August 9, 2001, at which time he was appointed counsel who continued to represent him throughout the pretrial and trial process and through conviction." *Id.* at ¶ 16. Freeman now tries to resurrect this argument in the framework of mandamus and prohibition.

## LEGAL ANALYSIS

{¶ 7} The principles governing prohibition are well established. Its requisites are (1) the respondent against whom it is sought is about to exercise judicial power, (2) the exercise of such power is unauthorized by law, and (3) there is no adequate remedy at law. *State ex rel. Largent v. Fisher*, 43 Ohio St.3d 160, 540 N.E.2d 239 (1989). Furthermore, if a petitioner had an adequate remedy, relief in prohibition is precluded, even if the remedy was not used. *State ex rel. Lesher v. Kainrad*, 65 Ohio St.2d 68, 417 N.E.2d 1382 (1981). Prohibition will not lie unless it clearly

appears that the court has no jurisdiction of the cause that it is attempting to adjudicate or the court is about to exceed its jurisdiction. *State ex rel. Ellis v. McCabe*, 138 Ohio St. 417, 35 N.E.2d 571 (1941), paragraph three of the syllabus. "The writ will not issue to prevent an erroneous judgment, or to serve the purpose of appeal, or to correct mistakes of the lower court in deciding questions within its jurisdiction." *State ex rel. Sparto v. Juvenile Court of Darke Cty.,* 153 Ohio St. 64, 65, 90 N.E.2d 598 (1950). Furthermore, it should be used with great caution and not issue in a doubtful case. *State ex rel. Merion v. Tuscarawas Cty. Court of Common Pleas*, 137 Ohio St. 273, 28 N.E.2d 641 (1940); and *Reiss v. Columbus Mun. Court*, 76 Ohio Law Abs. 141, 145 N.E.2d 447 (10th Dist.1956). Nevertheless, when a court is patently and unambiguously without jurisdiction to act whatsoever, the availability or adequacy of a remedy is immaterial to the issuance of a writ of prohibition. *State ex rel. Tilford v. Crush*, 39 Ohio St.3d 174, 529 N.E.2d 1245 (1988). However, absent such a patent and unambiguous lack of jurisdiction, a court having general jurisdiction of the subject matter of an action has authority to determine its own jurisdiction. A party challenging the court's jurisdiction has an adequate remedy at law via an appeal from the court's holding that it has jurisdiction. *State ex rel. Rootstown Local School Dist. Bd. of Edn. v. Portage Cty. Court of Common Pleas*, 78 Ohio St.3d 489, 678 N.E.2d 1365 (1997). Moreover, this court has discretion in issuing the writ of prohibition. *State ex rel. Gilligan v. Hoddinott*, 36 Ohio St.2d 127, 304 N.E.2d 382 (1973).

{¶ 8} The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief, and (3) there must be no adequate remedy at law.  Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused.  *State ex rel. Ney v. Niehaus*, 33 Ohio St.3d 118, 515 N.E.2d 914 (1987).  Furthermore, mandamus is not a substitute for appeal.  *State ex rel. Daggett v. Gessaman*, 34 Ohio St.2d 55, 295 N.E.2d 659 (1973); *State ex rel. Pressley v. Indus. Comm. of Ohio*, 11 Ohio St.2d 141, 228 N.E.2d 631 (1967), paragraph three of the syllabus.  Thus, mandamus does not lie to correct errors and procedural irregularities in the course of a case.  *State ex rel. Jerninghan v. Gaughan*, 8th Dist. Cuyahoga No. 67787, 1994 Ohio App. LEXIS 6227 (Sept. 26, 1994).  Furthermore, if the relator had an adequate remedy, regardless of whether it was used, relief in mandamus is precluded.  *State ex rel. Tran v. McGrath*, 78 Ohio St.3d 45, 676 N.E.2d 108 (1997); *State ex rel. Boardwalk Shopping Ctr., Inc. v. Court of Appeals for Cuyahoga Cty.*, 56 Ohio St.3d 33, 564 N.E.2d 86 (1990).  Moreover, mandamus is an extraordinary remedy that is to be exercised with caution and only when the right is clear.  It should not issue in doubtful cases.  *State ex rel. Taylor v. Glasser*, 50 Ohio St.2d 165, 364 N.E.2d 1 (1977).

{¶ 9} In *Johnson v. Zerbst, supra,* the defendant was convicted of uttering counterfeit money, and he never had counsel during the proceedings.  In reversing the conviction, the United States Supreme Court held that "[a] court's jurisdiction

at the beginning of trial may be lost 'in the course of the proceedings' due to failure to complete the court — as the Sixth Amendment requires — by providing counsel for an accused who is unable to obtain counsel, who has not intelligently waived this constitutional guaranty, and whose life or liberty is at stake." 304 U.S. 458, 468, 58 S.Ct. 1019, 82 L.Ed.2d 1461 (1938).

{¶ 10} In *State ex rel. Ogle, supra*, the defendant had counsel during the trial and she was convicted of assaulting a peace officer. However, after trial the judge placed her on house arrest and ordered her to have no contact, direct or indirect, with any juror, witness, lawyer, or court. Thus, she did not have counsel at the sentencing, but she explicitly did not waive her right to counsel. Nevertheless, the trial court sentenced her. Approximately nine years after her conviction, Ogle brought claims for mandamus and prohibition to vacate the sentencing entry because the trial court lacked jurisdiction. The court of appeal dismissed the writ action because the trial court had general jurisdiction over the case and appeal was an adequate remedy at law precluding the writs. The Supreme Court of Ohio followed *Zerbst*, and held that depriving a defendant of counsel would divest the trial court of jurisdiction or at least be a structural error as to demand reversal. Thus, the Supreme Court reversed the dismissal and remanded the writ action for further proceedings. 167 Ohio St.3d 181, 2021-Ohio-4453, 190 N.E.2d 594.

{¶ 11} Freeman now argues that the summary manner in which the trial court resolved the weapons while under disability charge deprived him of his right to counsel and thus divested the trial court of jurisdiction over that charge. Mandamus

or prohibition will issue if there is a complete lack of jurisdiction, notwithstanding the availability of appeal. *Ogle* at ¶ 21; and *State ex rel. State Farm Mut. Ins. Co. v. O'Donnell,* 163 Ohio St.3d 541, 2021-Ohio-1205, 171 N.E.3d 321, ¶ 8.

{¶ 12} However, as previously stated by this court and unlike *Zerbst* and *Ogle,* Freeman had counsel throughout the entire proceedings, including during the judge's resolution of the weapons charge. In fact, the trial court solicited the input of defense counsel immediately after announcing the decision. This court rules that the trial court in the handling of the weapons charge did not deprive Freeman of his right to counsel and thus did not divest the trial court of jurisdiction over the charge, despite however Freeman protests otherwise.

{¶ 13} Because the trial court did not lose jurisdiction over the charge, all of the other principles regarding writs remain effective, such as having or had an adequate remedy at law and that res judicata precludes arguments that were or could have been made. *Brooks v. Kelly,* 144 Ohio St.3d 322, 2015-Ohio-2805, 43 N.E.3d 385.

{¶ 14} Accordingly, this court grants the respondent's dispositive motion and denies this application for writs of mandamus and prohibition. Relator to pay costs. This court directs the clerk of courts to serve all parties notice of the judgment and its date of entry upon the journal as required by Civ.R. 58(B).

**{¶ 15}** Writs denied.

_____
EILEEN T. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
EMANUELLA D. GROVES, J., CONCUR