[Cite as *State v. Rance*, 2017-Ohio-1446.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 104619

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## WILLIAM A. RANCE

DEFENDANT-APPELLANT

---

### JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-589511-A

**BEFORE:** Laster Mays, J., Boyle, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** April 20, 2017

**ATTORNEY FOR APPELLANT**

Jeffrey S. Richardson
1200 W. 3rd Street, Suite 190
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By:   Carl Sullivan
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

ANITA LASTER MAYS, J.:

{¶1} Defendant-appellant, William A. Rance ("Rance"), appeals his guilty plea, asks this court to reverse the trial court's ruling denying his motion to withdraw guilty plea, and remand this case for trial. Finding no merit to his argument, we affirm.

{¶2} Rance pleaded guilty to Counts 1 and 2, gross sexual imposition, third-degree felonies in violation of R.C. 2907.05(A)(4); Count 3, an amended rape, deleting the life sentence, a first-degree felony in violation of R.C. 2907.02(A)(2); and Count 4, illegal use of minor in nudity oriented material or performance, a fifth-degree felony in violation of R.C. 2907.323(A)(3). The trial court sentenced him to a total of seven years imprisonment that included five years imprisonment for Counts 1 and 2, seven years imprisonment for Count 3, and 12 months imprisonment for Count 4, to be served concurrently.

I.    Facts

{¶3} On August 19, 2014, H.L. and her parents reported to the Richmond Heights Police Department that H.L.'s cell phone contained several sexually explicit messages from Rance. H.L. also reported to the police that on three separate occasions, she and Rance engaged in sexual activity. The first two occasions, Rance and H.L. engaged in groping, but on the third occasion Rance and H.L. engaged in vaginal intercourse. H.L. admitted that she told Rance she was 16 years old, when in fact she was 11 years old

when they first met, and then she turned 12 by the time they engaged in vaginal intercourse.

{¶4} Rance was arrested. Through the investigation of H.L.'s allegations, the police found several naked pictures of the victim on Rance's phone and the text messages that corresponded to the dates of the sexual activity. Rance told the police that H.L. told him she was 18 years old. He then changed his story and said that H.L. told him she was 17 years old.

{¶5} Rance was indicted on four counts and had 31 pretrials. Rance hired and fired four attorneys and had a total of five attorneys represent him throughout the proceedings. On March 1, 2016, Rance pleaded guilty to all four counts. The trial transcript states,

COURT: So Count 3, the rape charge, is a mandatory prison sentence, so there won't be a possibility of community control sanctions. Do you understand that?

RANCE: Yes.

COURT: Does that change your mind about entering a plea for Count 3? Do you understand that sir?

RANCE: I understand that.

COURT: Does that change your position as far as accepting responsibility with the plea today?

RANCE: The rape would automatically take me straight to jail?

COURT: No I'll order a presentence investigative report, we'll come back for sentencing. I believe [your counsel] is going to ask for some psychological examination as well too, so I have all the information that would be pertinent to

|  |  |
|---|---|
|  | make the right decision as far as a prison sentence, so that will be about 30 days. |
| RANCE: | I understand. |
| COURT: | Do you have any questions about that? |
| RANCE: | I don't want to go to prison, honestly. |
| COURT: | I don't think anybody wants to go to prison.   That would be the consequence if you accepted this plea, so the minimum on the Count 3 is 3 and the maximum would be 11.   State of Ohio is indicating that they are requesting that any term of incarceration be concurrent.   Is that correct? |
| STATE: | That is correct, [y]our Honor.   The initial count that we amended was life in prison, we still amended it down to a prison term. |
| COURT: | So they're reducing Count 3 from a life, mandatory life term to that F1. |
| RANCE: | 3 to 11. |
| COURT: | And I will follow that recommendation of running the prison term concurrent to all these charges. |
| RANCE: | Prison couldn't be changed to probation? |
| COUNSEL: | Carl and I have talked, [y]our Honor, and actually we had discussed the possibility of probation, but I guess it's — |
| STATE: | Some of the counts are probationable, but particular[ly] rape — |
| COUNSEL: | When we discussed that, we discussed that too. |
| STATE: | I understand that.   That's the way the law is written, I can't — |
| COUNSEL: | I didn't think it was.   I didn't really explain it to my client, but the court is explaining it now. |

COURT: Do you want more time to explain it to him?

RANCE: Yes.

COURT: So it's amended down to the defendant purposely compels another to submit by force or threat of force. Do you want to talk to him and come back?

COUNSEL: Give me a minute, [y]our Honor, please.

COURT: [Counsel], have you had an opportunity to talk to your client?

COUNSEL: I have, [y]our Honor.

COURT: And what would you like to do?

COUNSEL: It's my understanding he wants to go forward with the plea.

COURT: Mr. Rance, do you understand all the consequences now of each of these counts?

RANCE: Yes.

COURT: Do you have any questions at all?

RANCE: No I don't have any questions.

COURT: Now that you know that Count 3 is a mandatory prison term, are you willing to enter your plea to that count; is that correct?

RANCE: Yes.

COURT: How do you plead sir, in Count 3, now that you know the consequences is mandatory 3 to 11?

RANCE: Guilty.

(Tr. 16-20.)

{¶6} Rance pleaded guilty to all counts, and the trial court complied with Crim.R. 11. On April 29, 2016, Rance filed a motion to withdraw his guilty plea stating that his plea was entered into unintelligently and involuntary. The trial court denied Rance's motion. On May 16, 2016, at sentencing, Rance addressed the court and stated, "I take full responsibility in the plea that I pled to on March 1st. I just have hope in getting probation, but I do understand the plea to my guilt, and I follow it through with this proceeding." (Tr. 59.) Rance was sentenced to a total of seven years imprisonment, and filed this timely appeal asserting two assignments of error for our review.

> I. The trial court abused its discretion when it denied appellant's motion to withdraw guilty plea, thereby depriving appellant of his right to trial by jury, as the evidence demonstrates appellant's plea was entered into unintelligently and involuntarily; and
>
> II. Appellant was deprived of effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution when his attorney failed to consider mitigation or exculpatory evidence when advising appellant to plead guilty.

**II.     Motion to Withdraw Guilty Plea**

    **A.     Standard of Review**

**{¶7}**     We review the trial court's denial of a motion to withdraw a guilty plea for an abuse of discretion. *State v. Xie*, 62 Ohio St.3d 521, 584 N.E.2d 715 (1992). "Absent an abuse of discretion on the part of the trial court in making the ruling, its decision must be affirmed.    For us to find an abuse of discretion in this case, we must find more than an error of judgment.    We must find that the trial court's ruling was unreasonable, arbitrary or unconscionable."    *Id.*

    **B.     Law and Analysis**

**{¶8}** In Rance's first assignment of error, he argues that the trial court abused its discretion by denying his motion to withdraw guilty plea.

> Generally, motions to withdraw guilty pleas before sentencing are to be freely and liberally allowed.    *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 57, citing *State v. Xie*, 62 Ohio St.3d 521, 584 N.E.2d 715 (1992); *State v. Peterseim*, 68 Ohio App.2d 211, 214, 428 N.E.2d 863 (8th Dist.1980), citing *Barker v. United States*, 579 F.2d 1219, 1223 (10th Cir.1978).    However, a defendant does not have an absolute right to withdraw a guilty plea prior to sentencing.    *Xie* at paragraph one of the syllabus.    In ruling on a presentence motion to withdraw a plea, the court must conduct a hearing and decide whether there is a reasonable and legitimate basis for withdrawal of the plea.    *Id*. at 527.    The decision to grant or deny such a motion is within the sound discretion of the trial court and will not be reversed absent an abuse of discretion.    *Id*.

*State v. Armstrong*, 8th Dist. Cuyahoga No. 103088, 2016-Ohio-2627, ¶ 16.

**{¶9}** In *Peterseim*, this court set forth the standard for determining whether the trial court has abused its discretion in denying a presentence motion to withdraw a plea. It stated,

A trial court does not abuse its discretion in overruling a motion to withdraw: (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request.

*Peterseim* at paragraph three of the syllabus.

{¶10} First, Rance was represented by highly competent counsel. There is nothing in the record that supports or demonstrates that Rance's attorney was incompetent. Rance argues that because his counsel did not inform him that Count 3 of rape was not an offense for which he could be sentenced to probation, his counsel was incompetent. However, according to the record, his counsel did discuss possible probation with the state, but because of the statute, probation was not an option. The trial court explained this to Rance, and granted a recess to give his counsel the opportunity to explain this to Rance as well. Rance stated on the record that he understood the consequences and still pleaded guilty.

{¶11} Second, Rance was afforded a full hearing pursuant to Crim.R. 11 before he entered the plea. The record demonstrates that the trial court first addressed Rance personally and determined that Rance was making the plea voluntarily, with an understanding of the nature of the charges and of the maximum penalty involved. (Tr. 10-14.) The trial court also informed Rance of and determined that he understood the effect of the plea of guilty. (Tr. 14-22.) The trial court informed Rance and determined that he understood that by pleading guilty, Rance was waiving the rights to a

jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself.   (Tr. 7-9.)

{¶12} Third, on April 29, 2016, Rance was given a complete and impartial hearing on the motion.   Fourth, the record reveals that the court gave full and fair consideration to the plea withdrawal request.   However, Rance claims that he was under pressure and could not recall what the judge was saying to him during his plea.   Rance also claims that his counsel was tapping him on the shoulder telling him to say "yes" or "no" at the appropriate time in response to the judge's questions.   The trial court, stated,

> COURT:    Let's do this.   And this is the other part of my analysis, just so it is clear, is that we are talking about the defendant who stood in front of me, acknowledged my questions to him, answered affirmatively, and I don't recall that [his counsel] was talking for him.   And I asked him if you are in fact guilty and he told me yes.

(Tr. 49.)

> COURT:    And the Court has to weigh several things with respect to this motion.   And I have given careful consideration to what I have heard here today.   And I haven't heard is that Mr. Rance did not do it, that he wasn't — he didn't understand what he was doing, that it wasn't an intelligent decision to accept the plea, and that it wasn't in any way involuntary, although the word pressure has been used.   And obviously a rape charge with an alleged victim under 13 naturally has some pressure with respect to the consequences of life without parole.   And so I understand that, and that's exactly what I saw at the plea.   Mr. Rance realizing that it was now or never.   And he accepted the advice of his attorney, which the Court has not reason to think is unsound advice.   And

that I don't find that there has been any coercion or that there is a strong likelihood of his actual innocence. So at this point, based on all these factors, based on the case law, I am going to deny the motion to withdraw the plea.

(Tr. 41.)

**{¶13}** Therefore, based on the record, it has been demonstrated that the trial court did not abuse its discretion in denying Rance's motion to withdraw guilty plea. This assignment of error is overruled.

## III. Ineffective Assistance of Counsel

### A. Standard of Review

**{¶14}** In evaluating a claim of ineffective assistance of counsel,

"[A] court must give great deference to counsel's performance. A reviewing court will strongly presume that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."

*State v. Jones*, 8th Dist. Cuyahoga No. 102260, 2016-Ohio-688, ¶ 16, quoting *State v. Pawlak*, 8th Dist. Cuyahoga No. 99555, 2014-Ohio-2175, ¶ 69.

### B. Law and Analysis

**{¶15}** In Rance's second assignment of error, he contends that he was deprived of effective assistance of counsel because his attorney failed to consider mitigating or exculpatory evidence when advising Rance to plead guilty.

To establish a claim for ineffective assistance of counsel, a defendant must show that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. *State v. Smith*, 89 Ohio St.3d 323, 327, 2000-Ohio-166, 731 N.E.2d 645 (2000), citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984). Defense counsel's performance must fall below an objective standard of

reasonableness to be deficient in terms of ineffective assistance of counsel. *See State v. Bradley*, 42 Ohio St.3d 136, 142, 538 N.E.2d 373 (1989). Moreover, the defendant must show that there exists a reasonable probability that, were it not for counsel's errors, the results of the proceeding would have been different. *State v. White*, 82 Ohio St.3d 16, 23, 1998-Ohio-363, 693 N.E.2d 772 (1998).

*Jones* at ¶ 14.

**{¶16}** Rance does not detail what mitigation or exculpatory evidence was not considered. Instead, he argues that he was not able to enter into his plea knowingly and voluntarily. He also argues that his counsel pressured and coerced him into pleading guilty. However, on the record, during the plea hearing, he told the court that he was not coerced or forced. (Tr. 14.) He also stated that he "was satisfied with the representation" he received from his attorney. (Tr. 8.) This court finds that Rance's plea was made knowingly and voluntarily. We also find that Rance's attorney did not provide ineffective assistance. Therefore, Rance's second assignment of error is overruled.

**{¶17}** Judgment is affirmed.

It is ordered that the appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

MARY J. BOYLE, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR