[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Rance v. Watson*, Slip Opinion No. 2022-Ohio-1822.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-1822

RANCE, APPELLANT, *v.* WATSON, WARDEN, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Rance v. Watson*, Slip Opinion No. 2022-Ohio-1822.]

*Habeas corpus—Trial court's ordering of a psychological report as part of a presentence investigation does not call into question a defendant's competency to stand trial—Adequate remedy in the ordinary course of the law—A trial court's subject-matter jurisdiction is not affected by a trial court's decision to order a presentence-investigation psychological report—Court of appeals' judgment dismissing complaint affirmed.*

(No. 2021-1272—Submitted March 8, 2022—Decided June 2, 2022.)

APPEAL from the Court of Appeals for Marion County, No. 9-21-22.

_____

**Per Curiam.**

{¶ 1} Appellant, William A. Rance, an inmate at the North Central Correctional Complex, appeals the judgment of the Third District Court of Appeals dismissing his complaint for a writ of habeas corpus against appellee, Tom Watson,

the current prison warden,[1] for failing to state a claim upon which relief can be granted. Rance also asks this court to strike the warden's merit brief. We deny the motion to strike and affirm the judgment of the court of appeals.

## I. Background

{¶ 2} On March 1, 2016, Rance pleaded guilty to two counts of gross sexual imposition, R.C. 2907.05(A)(4), one count of rape, R.C. 2907.02(A)(2), and one count of illegal use of a minor in nudity-oriented material or performance, R.C. 2907.323(A)(3). When accepting the plea, the trial court stated:

> I'll order a presentence investigative report, we'll come back for sentencing. I believe [defense counsel] is going to ask for some psychological examination, as well, too, so I can have all the information that would be pertinent to make the right decision as far as a prison sentence, so that will be about 30 days.

The trial court then issued the following order:

> Defendant is referred to court psychiatric clinic. Director, psychiatric clinic: in accordance with provisions of the Ohio Revised Code 2947.06(B) reports for the purpose of determining the disposition of a case: psychiatric recommendations regarding disposition you are directed to examine William A. Rance.

{¶ 3} In May 2016, the trial court sentenced Rance to an aggregate prison term of seven years. The trial court denied a later motion to withdraw the guilty plea,

---

1. Rance filed his complaint against the former warden, Neil Turner. Under S.Ct.Prac.R. 4.06(B), the current warden of the institution is automatically substituted as a party to this action for the former warden.

and the court of appeals affirmed. *State v. Rance*, 8th Dist. Cuyahoga No. 104619, 2017-Ohio-1446, ¶ 1.

{¶ 4} On June 29, 2021, Rance filed a petition for a writ of habeas corpus in the Third District. He alleged that the trial court lacked jurisdiction to accept his plea and sentence him because his competency had been called into question, as evidenced by the statements quoted above. As a result, he claims entitlement to immediate release.

{¶ 5} The court of appeals granted the warden's motion to dismiss. The court of appeals held that Rance's petition did not state a cognizable habeas corpus claim, because Rance's claim of an unresolved competency issue did not call into question the trial court's subject-matter jurisdiction. Moreover, the court noted that Rance had an adequate remedy in the ordinary course of the law by which to challenge the validity of his guilty plea. In reaching its decision, the court of appeals cited *State v. Henderson,* 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, for the proposition that an erroneous sentence entered by a court with subject-matter jurisdiction over the case is voidable, not void.

{¶ 6} Rance timely appealed.

## II. Legal analysis

### A. *The motion to strike*

{¶ 7} Rance argues in his reply brief that the warden's merit brief violated S.Ct.Prac.R. 16.03(B)(1) and should be stricken. This motion has no merit.

{¶ 8} In his merit brief, Rance presented two propositions of law. First, he averred that "[a]n appellate court abuses its discretion when it affirms a decision involving unresolved issues of competency to stand trial remain [sic] at the time a plea was entered." And second, he asserted that the court of appeals "abused its discretion in retroactively applying inapplicable case authority that expressly requires prospective application." Rather than directly address those propositions, the warden responded with two propositions of law of his own: a habeas corpus

petition should be denied when (1) an adequate remedy at law exists and (2) the petitioner is not entitled to immediate release from prison because his sentence has not expired.

{¶ 9} S.Ct.Prac.R. 16.03(B)(1) provides that an appellee's merit brief shall "answer the appellant's contentions, and make any other appropriate contentions as reasons for affirmance of the order or judgment from which the appeal is taken." Rance contends that because the statute is written in the conjunctive, an appellee must respond to the appellant's propositions of law before proffering his own legal arguments. However, the language of the applicable rules does not support Rance's interpretation. The rules specifically require an appellant to include a "proposition of law" as a heading for each legal argument. S.Ct.Prac.R. 16.02(B)(4). But the requirements imposed on an appellee do not mirror this language. An appellee's brief must address each "contention," not each "proposition of law." The warden has done so.

{¶ 10} We deny the motion to strike.

*B. The merits of the appeal*

{¶ 11} A writ of habeas corpus "is warranted in certain extraordinary circumstances 'where there is an unlawful restraint of a person's liberty and there is no adequate remedy in the ordinary course of law.' " *Johnson v. Timmerman-Cooper*, 93 Ohio St.3d 614, 616, 757 N.E.2d 1153 (2001), quoting *Pegan v. Crawmer*, 76 Ohio St.3d 97, 99, 666 N.E.2d 1091 (1996). With few exceptions, habeas corpus will lie only to challenge the jurisdiction of the sentencing court. *State ex rel. Quillen v. Wainwright*, 152 Ohio St.3d 566, 2018-Ohio-922, 99 N.E.3d 360, ¶ 6. And we review dismissals under Civ.R. 12(B)(6) de novo. *State ex rel. McKinney v. Schmenk*, 152 Ohio St.3d 70, 2017-Ohio-9183, 92 N.E.3d 871, ¶ 8.

{¶ 12} In his first proposition of law, Rance asserts that the trial court had no jurisdiction to accept his guilty plea while his competency to stand trial was in question. In a criminal action, if the issue of a defendant's competency to stand

4

trial is raised before the trial commences, the court shall hold a hearing on the issue. R.C. 2945.37(B). According to Rance, his competency was raised as an issue, but the trial court did not conduct the mandatory hearing and therefore lost jurisdiction to accept his guilty plea.

{¶ 13} However, Rance has cited no authority for the proposition that a failure to conduct a competency hearing deprives the trial court of subject-matter jurisdiction to impose a sentence. And Rance's own allegations show that the competency provisions of R.C. 2945.37(B) were not triggered. The trial court's statements quoted above show that the judge ordered a psychological report, pursuant to R.C. 2947.06, as part of the presentence investigation, not as an inquiry into Rance's competency to stand trial.

{¶ 14} The purpose of a psychological examination under R.C. 2947.06 is to aid the court in imposing the appropriate sentence, not to assess the defendant's competency to stand trial. A trial court "may" hear testimony, including a psychological report, "in mitigation of a sentence." R.C. 2947.06(A); *State v. Gunnels*, 8th Dist. Cuyahoga No. 107351, 2019-Ohio-2822, ¶ 12. As part of that process, a trial court "may appoint not more than two psychologists or psychiatrists to make any reports concerning the defendant that the court requires *for the purpose of determining the disposition of the case*." (Emphasis added.) R.C. 2947.06(B). Because the statute uses the permissive term "may," a court is not required to order a psychological report, even if the defense asks the court to consider a defendant's alleged mental-health issues before sentencing. *See State v. Ellis*, 8th Dist. Cuyahoga No. 98538, 2013-Ohio-1184, ¶ 40-43.

{¶ 15} "Because the trial court's decision to implement a psychological report is discretionary, the decision is reviewed under an abuse of discretion standard." *State v. Timberling*, 2d Dist. Greene No. 2012-CA-35, 2013-Ohio-1377, ¶ 26. Or in other words, a trial court's subject-matter jurisdiction is not affected by the decision to sentence a defendant without the benefit of a psychological report,

and the defendant has an adequate remedy in the ordinary course of the law by direct appeal of his sentence. Therefore, habeas corpus will not lie.

### III. Conclusion

We affirm the court of appeals' dismissal of Rance's petition.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FISCHER, DeWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

_____

William A. Rance, pro se.

Dave Yost, Attorney General, and M. Scott Criss, Assistant Attorney General, for appellee.

_____