[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Rarden v. Butler Cty. Common Pleas Court*, Slip Opinion No. 2023-Ohio-3742.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2023-OHIO-3742

THE STATE EX REL. RARDEN, APPELLANT, *v.* BUTLER COUNTY COMMON PLEAS COURT ET AL., APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Rarden v. Butler Cty. Common Pleas Court*, Slip Opinion No. 2023-Ohio-3742.]

*Mandamus and prohibition—Appellant had adequate remedy in ordinary course of law through direct appeal to raise his claim that trial court violated his right to counsel—Trial court did not patently and unambiguously lack jurisdiction to sentence or resentence appellant—Court of appeals' judgment dismissing complaint affirmed.*

(No. 2022-1390—Submitted April 4, 2023—Decided October 17, 2023.)

APPEAL from the Court of Appeals for Butler County, No. CA2022-08-074.

_____

**Per Curiam.**

{¶ 1} Appellant, Lonnie Rarden, appeals the Twelfth District Court of Appeals' dismissal of his complaint for writs of mandamus and prohibition.  Rarden

seeks writs ordering appellees, the Butler County Common Pleas Court and Judge Daniel Haughey[1] (collectively, "the trial court"), to vacate his criminal sentence. At his trial, Rarden waived his right to counsel and proceeded pro se. At Rarden's sentencing and resentencing hearings, the trial court did not again inform Rarden of his right to counsel. Rarden argues that the Sixth Amendment to the United States Constitution requires that a defendant be expressly informed of his right to counsel at each critical stage of the proceeding and that the trial court's failure to do so in his case rendered his sentence void.

**{¶ 2}** For the reasons explained below, we affirm the court of appeals' judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

**{¶ 3}** Rarden avers that in 2007, he was convicted of escape, retaliation, complicity to perjury (two counts), complicity to tampering with evidence, menacing by stalking, and violating a protective order (18 counts) and that he was sentenced to a total of 26.5 years in prison.

**{¶ 4}** Having waived his right to counsel, Rarden appeared pro se at the trial. He also appeared pro se at the sentencing hearing. Rarden avers that the trial court did not notify him at the sentencing hearing of any right to counsel he may have had at that stage in the proceeding and that he did not waive any such right.

**{¶ 5}** In 2010, Rarden filed a motion for resentencing, asserting that the trial court had improperly imposed postrelease control. The trial court granted the motion and resentenced Rarden at a new hearing. Rarden contends that at the resentencing hearing, at which he appeared pro se, the trial court reduced the period of postrelease control from five years to three years. The term of imprisonment

---

1. In his complaint for writs of mandamus and prohibition, Rarden named Judge Michael Sage as a respondent. In 2019, Rarden's criminal cases were reassigned from Judge Sage to Judge Charles Pater. Judge Pater has since retired and been replaced by Judge Haughey, and the court of appeals' decision in this case names Judge Haughey as a respondent.

was unchanged. Rarden avers that the trial court did not notify him at the resentencing hearing of any right to counsel he may have had at that hearing and that he did not waive any such right.

{¶ 6} In August 2022, Rarden filed the current action in the Twelfth District seeking writs of prohibition and mandamus ordering the trial court to vacate his sentencing entries and grant him "any and all other relief [to] which [he] is entitled."

{¶ 7} The trial court filed a motion to dismiss under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted. The Twelfth District granted the motion, stating, "[Rarden] has not provided this court with any authority, and we have found none, that would require a trial court to re-advise a criminal defendant who elected to proceed pro se at trial about his right to counsel prior to sentencing."

{¶ 8} Rarden appealed to this court as of right. He argues that a criminal defendant who waived his right to counsel at trial must be reinformed of his right to counsel at any sentencing or resentencing hearing and that if a court fails to so inform the defendant, the defendant's sentence is void.

## II. LEGAL ANALYSIS

*A. Standard of Review and Prohibition and Mandamus Requirements*

{¶ 9} This court reviews de novo a decision granting a motion to dismiss under Civ.R. 12(B)(6). *Alford v. Collins-McGregor Operating Co.*, 152 Ohio St.3d 303, 2018-Ohio-8, 95 N.E.3d 382, ¶ 10. In doing so, we construe all allegations in the complaint as true. *Id.* And we will not affirm the dismissal unless it appears beyond doubt that the relator can prove no set of facts that would entitle him to relief. *Id.*

{¶ 10} To be entitled to a writ of prohibition, a relator usually must establish (1) that the respondent exercised judicial power, (2) that the respondent lacked the authority to exercise that power, and (3) that the relator lacks an adequate remedy in the ordinary course of the law. *State ex rel. Elder v. Camplese*, 144 Ohio St.3d

89, 2015-Ohio-3628, 40 N.E.3d 1138, ¶ 13. Because Rarden seeks a writ of prohibition to undo the trial court's previous actions, however, he must show that the trial court patently and unambiguously lacked jurisdiction to sentence or resentence him. *See State ex rel. Andrews v. Lake Cty. Court of Common Pleas*, 170 Ohio St.3d 354, 2022-Ohio-4189, 212 N.E.3d 914, ¶ 20. If he makes this showing, this court need not determine whether he has an adequate remedy in the ordinary course of the law. *See id.*

{¶ 11} To be entitled to a writ of mandamus, a relator usually must establish (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6. However, a relator need not show the absence of an adequate remedy in the ordinary course of the law if the respondent patently and unambiguously lacked jurisdiction. *State ex rel. Davis v. Janas*, 160 Ohio St.3d 187, 2020-Ohio-1462, 155 N.E.3d 822, ¶ 10. In such situations, mandamus relief is warranted to " 'prevent any further unauthorized exercise of jurisdiction and to correct the results of prior jurisdictionally unauthorized actions, notwithstanding the availability of appeal.' " *Id.*, quoting *State ex rel. Dannaher v. Crawford*, 78 Ohio St.3d 391, 393, 678 N.E.2d 549 (1997). Here, Rarden had an adequate remedy in the ordinary course of the law through direct appeal of his sentence. *See Rance v. Watson*, 168 Ohio St.3d 246, 2022-Ohio-1822, 198 N.E.3d 65, ¶ 15. He must therefore show that the trial court patently and unambiguously lacked jurisdiction to sentence or resentence him.

### B. The Trial Court Did Not Lack Jurisdiction to Sentence or Resentence Rarden

{¶ 12} The trial court had jurisdiction over Rarden's criminal case. *See* R.C. 2931.03; *see also Smith v. Sheldon*, 157 Ohio St.3d 1, 2019-Ohio-1677, 131 N.E.3d 1, ¶ 8. Rarden argues, however, that the trial court violated his Sixth

Amendment right to counsel and that this violation deprived the trial court of jurisdiction.

{¶ 13} Rarden relies on a recent case in which we held that a violation of a defendant's Sixth Amendment right to counsel may deprive a court of jurisdiction, *State ex rel. Ogle v. Hocking Cty. Common Pleas Court*, 167 Ohio St.3d 181, 2021-Ohio-4453, 190 N.E.3d 594, ¶ 12-13, 19 ("*Ogle I*"). In *Ogle I*, we held that a court may lose jurisdiction if the defendant is deprived of the right to counsel during the course of the trial-court proceedings, even if the defendant had counsel earlier in the proceedings. *Id.* at ¶ 2, 12-13.

{¶ 14} Even if Rarden has stated a viable claim that the trial court violated his Sixth Amendment right to counsel, we recently overruled *Ogle I* in *State ex rel. Ogle v. Hocking Cty. Common Pleas Court*, __ Ohio St.3d __, 2023-Ohio-3534, __ N.E.3d __, ¶ 22 ("*Ogle II*"). In *Ogle II*, we held that a "violation of the defendant's right to counsel does not deprive the sentencing court of subject-matter jurisdiction any more than any other constitutional or trial error does." *Id.* at ¶ 21. Such a violation is a structural error that is reversible on appeal, but it does not result in a sentence that is void for the court's lack of subject-matter jurisdiction. *Id.*

{¶ 15} Similarly, even if the trial court had violated Rarden's Sixth Amendment right to counsel, such a violation would not have deprived the trial court of subject-matter jurisdiction over his case or resulted in a void sentence. And because his sentence is not void, his claims raised in this mandamus and prohibition action are barred by the doctrine of res judicata. That doctrine " 'bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal.' " *Ogle II* at ¶ 22, quoting *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 59; *see also Bozsik v. Hudson*, 110 Ohio St.3d 245, 2006-Ohio-4356, 852 N.E.2d 1200, ¶ 9 (redress for a violation of the right to counsel may be sought on appeal).

### III. CONCLUSION

**{¶ 16}** Because Rarden had an adequate remedy in the ordinary course of the law through direct appeal to raise his claim that the trial court violated his right to counsel and because he cannot show that the trial court patently and unambiguously lacked jurisdiction to sentence or resentence him, he is not entitled to a writ of mandamus or prohibition. We therefore affirm the Twelfth District Court of Appeals' judgment dismissing his complaint.

Judgment affirmed.

KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, BRUNNER, and DETERS, JJ., concur.

STEWART, J., concurs in judgment only.

_____

Lonnie Rarden, pro se.

Michael T. Gmoser, Butler County Prosecuting Attorney, and Michael Greer, Assistant Prosecuting Attorney, for appellees.

_____