[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Yeager v. Lake Cty. Court of Common Pleas*, Slip Opinion No. 2024-Ohio-1921.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-1921

THE STATE EX REL. YEAGER, APPELLANT, *v.* LAKE COUNTY COURT OF COMMON PLEAS ET AL., APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Yeager v. Lake Cty. Court of Common Pleas*, Slip Opinion No. 2024-Ohio-1921.]

*Mandamus—Prohibition—Appellant had adequate remedy in ordinary course of law through direct appeal to raise his claim that trial court violated his right to counsel—Trial court did not patently and unambiguously lack jurisdiction—Court of appeals' judgment granting trial court's motion to dismiss affirmed.*

(No. 2023-1172—Submitted March 26, 2024—Decided May 22, 2024.)

APPEAL from the Court of Appeals for Lake County,
No. 2023-L-033, 2023-Ohio-2928.

_____

**Per Curiam.**

{¶ 1} Appellant, Andre M. Yeager, is an inmate at the Richland Correctional Institution. He appeals the Eleventh District Court of Appeals' judgment dismissing his complaint for writs of prohibition and mandamus against appellees, the Lake County Court of Common Pleas and Judge Vincent A. Culotta (collectively, "the trial court"). Yeager generally argues that his criminal convictions are unenforceable and must be vacated. Because Yeager has failed to state a valid claim for either writ, we affirm.

## BACKGROUND

{¶ 2} In Lake County Court of Common Pleas case No. 21CR001041, Yeager waived his right to counsel and represented himself at trial. A jury found Yeager guilty of grand theft, breaking and entering, and vandalism. On January 10, 2022, the trial court sentenced Yeager to an aggregate prison term of 39 months. Yeager appealed his convictions to the Eleventh District, where he argued that the trial court had erred by allowing him to represent himself at trial. The Eleventh District affirmed the trial court's judgment of conviction. *See State v. Yeager*, 11th Dist. Lake No. 2022-L-008, 2023-Ohio-2541, ¶ 31 ("we are completely satisfied that appellant knowingly, voluntarily, and intelligently chose to represent himself").

{¶ 3} Yeager filed this original action in the Eleventh District, requesting a writ of prohibition precluding the trial court from enforcing his convictions and a writ of mandamus directing the trial court to vacate his convictions. In his complaint, Yeager asserts seven causes of action in which he claims that his case was improperly assigned to the trial-court judge, the trial court violated his right to counsel, and the prosecution withheld exculpatory evidence. The Eleventh District granted the trial court's motion to dismiss Yeager's complaint under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted, holding that

Yeager "cannot establish the necessary elements to move forward in mandamus or prohibition." 2023-Ohio-2928, ¶ 16.

{¶ 4} Yeager appealed to this court as of right.

## LEGAL ANALYSIS

{¶ 5} We can quickly dispose of Yeager's first three propositions of law. In his first proposition of law, Yeager contends that the Eleventh District denied him due process of law by granting the trial court's motion for a protective order and to stay discovery in violation of Civ.R. 26. However, the Eleventh District did not grant or make any ruling on the trial court's motion.

{¶ 6} In his second and third propositions of law, Yeager maintains that the Eleventh District denied him due process of law by granting the trial court's motion to dismiss in its entirety because the trial court failed to address certain causes of action in Yeager's complaint and failed to comply with "Civil Rule 8(b)(2)."[1] Yet the trial court did briefly describe the entirety of Yeager's complaint in its motion to dismiss: "Although quite lengthy, Mr. Yeager's complaint appears only to assert seven causes of action, six of which appear to allege that he did not knowingly, intelligently, and voluntarily waive his right to counsel, and one that alleges that the state withheld exculpatory evidence." Additionally, Civ.R. 8, which provides general rules of pleading, is inapplicable to the trial court's motion to dismiss. *See State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 549, 605 N.E.2d 378 (1992) ("only complaints, answers and replies constitute pleadings"), citing Civ.R. 7(A).

{¶ 7} Under his final proposition of law, Yeager argues that the Eleventh District erred in granting the trial court's motion to dismiss his complaint under

---

1. In his appellate brief, Yeager cites "Ohio Civ.R. 8(b)(2)" but quotes language from Fed.R.Civ.P. 8(b)(2). Although the rules are similar, Ohio Civ.R. 8 does not have a (b)(2) subsection. Moreover, the Federal Rules of Civil Procedure do not govern Yeager's original action filed in a state court. *See* Fed.R.Civ.P. 1 ("These rules govern the procedure in all civil actions and proceedings in the United States district courts").

Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted. Dismissal of Yeager's complaint was appropriate if, after presuming all factual allegations in the complaint to be true and drawing all reasonable inferences in Yeager's favor, it appears beyond doubt that he could prove no set of facts entitling him to the requested writs of prohibition and mandamus. *State ex rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489, 490, 633 N.E.2d 1128 (1994). We review de novo a court of appeals' dismissal under Civ.R. 12(B)(6). *State ex rel. McKinney v. Schmenk*, 152 Ohio St.3d 70, 2017-Ohio-9183, 92 N.E.3d 871, ¶ 8

{¶ 8} To be entitled to a writ of prohibition, Yeager must establish that (1) the trial court has exercised judicial power, (2) the exercise of that power was unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of the law. *State ex rel. Nyamusevya v. Hawkins*, 165 Ohio St.3d 22, 2021-Ohio-1122, 175 N.E.3d 495, ¶ 14. To be entitled to a writ of mandamus, Yeager must establish (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the trial court to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6. However, if the trial court patently and unambiguously lacked jurisdiction, Yeager need not establish the lack of an adequate legal remedy. *Schlegel v. Sweeney*, 171 Ohio St.3d 1, 2022-Ohio-3841, 215 N.E.3d 451, ¶ 6 (prohibition); *State ex rel. Davis v. Janas*, 160 Ohio St.3d 187, 2020-Ohio-1462, 155 N.E.3d 822, ¶ 10 (mandamus).

{¶ 9} In his complaint, Yeager claims that his convictions are unenforceable and must be vacated because the trial court failed to obtain a valid waiver of his constitutional right to counsel, in violation of state and federal case law and Crim.R. 44. He additionally claims that the trial court violated its own local rule when assigning the case to a judge and that the prosecution denied his right to a fair trial by withholding exculpatory evidence.

**{¶ 10}** Yeager had an adequate remedy in the ordinary course of the law to raise these claims, and he exercised that remedy by filing a direct appeal from the trial court's judgment of conviction. *See State ex rel. Rarden v. Butler Cty. Common Pleas Court*, __ Ohio St.3d __, 2023-Ohio-3742, __ N.E.3d __, ¶ 16 (alleged violation of right to counsel); *State ex rel. Key v. Spicer*, 91 Ohio St.3d 469, 746 N.E.2d 1119 (2001) (alleged improper assignment of a judge); *State ex rel. Justice v. State*, 172 Ohio St.3d 270, 2023-Ohio-760, 223 N.E.3d 414, ¶ 3, 10 (alleged violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963)).

**{¶ 11}** Moreover, the trial court unquestionably had subject-matter jurisdiction over Yeager's criminal case. *See Smith v. Sheldon*, 157 Ohio St.3d 1, 2019-Ohio-1677, 131 N.E.3d 1, ¶ 8 (under R.C. 2931.03, "a common pleas court has subject-matter jurisdiction over felony cases"). "When a specific action is within a court's subject-matter jurisdiction, any error in the exercise of that jurisdiction renders the court's judgment voidable, not void." *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 26. Accordingly, Yeager's claim alleges an error only in the trial court's exercise of its jurisdiction. And extraordinary relief is not available to attack a voidable judgment. *State ex rel. Davic v. Franklin Cty. Court of Common Pleas*, __ Ohio St.3d __, 2023-Ohio-4569, __ N.E.3d __, ¶ 15, citing *Harper* at ¶ 26.

**{¶ 12}** Yeager nevertheless contends in his complaint that he is entitled to relief in prohibition and mandamus because the trial court's alleged failure to obtain a valid waiver of counsel deprived the trial court of jurisdiction to proceed to trial. In support of this contention, Yeager relies on *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938) and *State ex rel. Ogle v. Hocking Cty. Common Pleas Court*, 167 Ohio St.3d 181, 2021-Ohio-4453, 190 N.E.3d 594 ("*Ogle I*"), *overruled by State ex rel. Ogle v. Hocking Cty. Common Pleas Court*, 173 Ohio St.3d 118, 2023-Ohio-3534, 227 N.E.3d 1202 ("*Ogle II*"). In *Zerbst*, the United

States Supreme Court held that a federal court's jurisdiction "may be lost" if it fails to provide counsel "for an accused who is unable to obtain counsel, who has not intelligently waived this constitutional guaranty, and whose life or liberty is at stake." *Zerbst* at 468. In *Ogle I*, we stated that "the declaration in *Zerbst* that a Sixth Amendment violation renders an associated conviction void remains in force." *Ogle I* at ¶ 13.

{¶ 13} We recently overruled *Ogle I*, however, explaining that in *Waley v. Johnston*, 316 U.S. 101, 104-105, 62 S.Ct. 964, 86 L.Ed. 1302 (1942), the United States Supreme Court " 'openly discarded the concept of jurisdiction' that was articulated in cases such as *Zerbst* as a concept that had become 'more a fiction than anything else,' *Wainwright v. Sykes*, 433 U.S. 72, 79, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977)." *Ogle II* at ¶ 20. We held that "[a] violation of the defendant's right to counsel does not deprive the sentencing court of subject-matter jurisdiction any more than any other constitutional or trial error does." *Id.* at ¶ 21. "Such a violation is a structural error that is reversible on appeal, but it does not result in a sentence that is void for the court's lack of subject-matter jurisdiction." *State ex rel. Boyd v. Tone*, 173 Ohio St.3d 170, 2023-Ohio-3832, 227 N.E.3d 1246, ¶ 16, citing *Ogle II* at ¶ 21.

{¶ 14} In his merit brief on appeal, Yeager acknowledges this development in the case law but asserts that we misread *Waley* in *Ogle II* and that the United States Supreme Court has not overruled *Zerbst*. However, our decision in *Ogle II* was based on the United States Supreme Court's own recognition that "its prior 'elastic concept of jurisdiction is not what the term "jurisdiction" means today, i.e., "the courts' statutory or constitutional *power* to adjudicate the case." ' " (Emphasis added in *Steel Co.*) *Ogle II* at ¶ 20, quoting *United States v. Cotton*, 535 U.S. 625, 630, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002), quoting *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). "Rather, subject-matter jurisdiction refers only to 'the classes of cases * * * falling

within a court's adjudicatory authority,' *Kontrick v. Ryan*, 540 U.S. 443, 455, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004), and it is not dependent on the rights or obligations of the parties, *Landgraf v. USI Film Prods.*, 511 U.S. 244, 274, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994)." *Ogle II* at ¶ 20. "That includes the right to counsel." *Id.* Yeager's argument is not persuasive.

**{¶ 15}** Because Yeager had an adequate remedy in the ordinary course of the law to raise the claims in his complaint and because the trial court did not patently and unambiguously lack jurisdiction, Yeager is not entitled to a writ of prohibition precluding the trial court from enforcing his convictions or a writ of mandamus vacating his convictions.

## CONCLUSION

**{¶ 16}** We affirm the Eleventh District Court of Appeals' judgment dismissing Yeager's complaint for writs of prohibition and mandamus under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted.

Judgment affirmed.

KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ., concur.

_____

Andre M. Yeager, pro se.

Charles E. Coulson, Lake County Prosecuting Attorney, and Kelly A. Echols, Assistant Prosecuting Attorney, for appellees.

_____