[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Seelbaugh v. Montgomery Cty. Court of Common Pleas, Domestic Relations Div.*, Slip Opinion No. 2025-Ohio-5297.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2025-OHIO-5297

SEELBAUGH, GRANTOR/TRUSTEE OF THE CHRISTOPHER PAUL SEELBAUGH REVOCABLE LIVING TRUST, APPELLANT, *v.* MONTGOMERY COUNTY COURT OF COMMON PLEAS, DIVISION OF DOMESTIC RELATIONS, ET AL, APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Seelbaugh v. Montgomery Cty. Court of Common Pleas, Domestic Relations Div.*, Slip Opinion No. 2025-Ohio-5297.]

*Prohibition—Court of appeals correctly dismissed domestic-relations court from action because a court of common pleas is not sui juris and cannot be sued—Appellant failed to show that domestic-relations court or county child-support-enforcement agency patently and unambiguously lack subject-jurisdiction in his divorce and child-support cases, and appellant had adequate remedies in ordinary course of law to challenge agency's finding him in default of his child-support order and magistrate's finding him in contempt—An opportunity to file objections to a magistrate's decision qualifies as an adequate remedy in ordinary course of law—Court*

*of appeals' judgment granting appellees' motions to dismiss affirmed.*

(No. 2025-0070—Submitted July 8, 2025—Decided December 2, 2025.)

APPEAL from the Court of Appeals for Montgomery County,

No. 30292, 2024-Ohio-5705.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ.

**Per Curiam.**

{¶ 1} Appellant, Christopher P. Seelbaugh, appeals as of right from the Second District Court of Appeals' dismissal of his original action seeking a writ of prohibition against appellees, the Montgomery County Court of Common Pleas, Domestic Relations Division, and the Montgomery County Child Support Enforcement Agency ("the CSEA"). Seelbaugh requested that the Second District vacate (1) a domestic-relations-court magistrate's decision that found him in contempt for failing to comply with a child-support order and (2) the CSEA's decision that found him in default of the child-support order.

{¶ 2} For the following reasons, we affirm the Second District's judgment.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 3} Seelbaugh is the defendant in divorce proceedings in the domestic-relations court of Montgomery County. Seelbaugh's former spouse filed a motion asking that he be held in contempt for his failure to pay child support in accordance with the divorce order. The presiding domestic-relations-court magistrate held Seelbaugh in contempt for failing to comply with the child-support order, and the CSEA issued income withholdings due to his default on the child-support order.

{¶ 4} In October 2024, Seelbaugh filed a petition for a writ of prohibition in the Second District against the domestic-relations court and the CSEA. The

domestic-relations court and the CSEA filed separate motions to dismiss under Civ.R. 12(B)(6).

{¶ 5} Seelbaugh subsequently filed an amended petition, asserting four claims. He first claimed that the domestic-relations court lacked personal jurisdiction over him because service of process was done on his estate held in trust as opposed to him individually. Second, Seelbaugh claimed that the probate court has exclusive jurisdiction over any action seeking to enforce child-support obligations against him because his assets are held in a trust. Third, he claimed that the domestic-relations court lacked jurisdiction because its contract with the CSEA for magistrate services in cases under Title IV-D of the Social Security Act, 42 U.S.C. 651 et seq., created structural defects that deprived him of his right to due process.[1] As his fourth claim, Seelbaugh similarly asserted a lack of due process caused by the CSEA's functioning in a quasi-judicial capacity by conducting administrative hearings when it has an allegedly improper contractual arrangement with the domestic-relations court. As his requested relief, Seelbaugh asked the Second District to vacate the magistrate's decision finding him in contempt and the CSEA's decision finding him in default and to prevent appellees from holding any further proceedings.

{¶ 6} The Second District granted appellees' motions to dismiss Seelbaugh's action. Seelbaugh has timely appealed to this court, asserting five assignments of error.

---

1. Title IV-D of the Social Security Act "allows states, including Ohio, to receive federal financial assistance if they operate efficient and cost-effective child support enforcement programs." *Cramer v. Petrie*, 1994-Ohio-404, ¶ 15. R.C. Ch. 3125 sets forth the operations of CSEAs with respect to Title IV-D cases and allows for the appointment of a magistrate to hear them, *see* R.C. 3125.60.

## II. ANALYSIS

### A. Standard of review

{¶ 7} We review de novo a court of appeals' decision to grant a Civ.R. 12(B)(6) motion to dismiss a writ action. *State ex rel. Martre v. Cheney*, 2023-Ohio-4594, ¶ 16. Dismissal of an action seeking a writ of prohibition is appropriate if it appears beyond doubt, after taking all factual allegations in the complaint as true, that the relator can prove no set of facts entitling him to relief in prohibition. *Id.*

### B. The domestic-relations court is not a proper respondent

{¶ 8} As his first assignment of error, Seelbaugh argues that the Second District erred in holding that the domestic-relations court is not a proper respondent in his prohibition action because a court is not sui juris. The domestic-relations court is a division of the Montgomery County Court of Common Pleas, *see* R.C. 3105.011, and it is well established that a court of common pleas is not sui juris, *State ex rel. Smith v. Hamilton Cty. Court of Common Pleas*, 2024-Ohio-2779, ¶ 7. By naming the domestic-relations court as a respondent, Seelbaugh named an entity that cannot be sued. A relator's naming an entity that cannot be sued is a sufficient basis for dismissal of the relator's action as to that entity. *Id.* at ¶ 7.

{¶ 9} Seelbaugh argues that even if we determine that he improperly named the domestic-relations court as a respondent, his status as a pro se litigant obligated the Second District to liberally construe his amended petition, grant him leeway, and consider the case on the merits. His argument is not well-taken.

{¶ 10} A pro se litigant is presumed to know the law and legal procedures and is held to the same standard as a litigant represented by counsel. *In re Application of Black Fork Wind Energy, L.L.C.*, 2013-Ohio-5478, ¶ 22. Seelbaugh's pro se status does not excuse him from the requirement of naming a proper respondent. We therefore reject his first assignment of error.

*C. Seelbaugh failed to state a prohibition claim*

**{¶ 11}** Seelbaugh's remaining claims challenge the Second District's grounds for dismissing his action as to both the CSEA and the domestic-relations court. To be entitled to a writ of prohibition, Seelbaugh must prove by clear and convincing evidence that (1) the domestic-relations court and the CSEA exercised or are about to exercise judicial or quasi-judicial power, (2) they lack authority to exercise that power, and (3) he lacks an adequate remedy in the ordinary course of the law. *See State ex rel. Reynolds v. Kirby*, 2023-Ohio-782, ¶ 9. Because he seeks to undo prior actions taken by the domestic-relations court and the CSEA, Seelbaugh must show a patent and unambiguous lack of jurisdiction. *See State ex rel. Rarden v. Butler Cty. Common Pleas Court*, 2023-Ohio-3742, ¶ 10. If he shows a patent and unambiguous lack of jurisdiction, Seelbaugh does not need to establish the lack of an adequate remedy in the ordinary course of the law. *Id.*

**{¶ 12}** As his second, third, and fourth assignments of error, Seelbaugh argues that the Second District erred when dismissing his amended petition because he had sufficiently set forth claims showing that the domestic-relations court lacked jurisdiction over his divorce case and the CSEA lacked jurisdiction over his child-support case. His arguments are not persuasive.

*1. The domestic-relations court had jurisdiction*

**{¶ 13}** In support of his second and third assignments of error, Seelbaugh relies on the same underlying theory to argue that the domestic-relations court lacked jurisdiction over his divorce case. In asserting his second assignment of error, Seelbaugh argues that the domestic-relations court lacked subject-matter jurisdiction because the probate court has exclusive jurisdiction to hear matters related to trusts and estates. As his third assignment of error, Seelbaugh argues that the domestic-relations court lacked personal jurisdiction over him in the divorce case due to defective service of process on his estate held in a trust.

{¶ 14} In essence, these are sovereign-citizen arguments. *See generally Sec. Credit Servs., L.L.C. v. Miller*, 2024-Ohio-3371, ¶ 22-24, 26 (11th Dist.) (detailing the theory behind sovereign-citizen defenses). Sovereign citizens wrongly believe that a person can insulate themselves from a court's jurisdiction by taking certain actions, such as creating a trust. *See Young v. Young*, 2023-Ohio-3918, ¶ 6-9, 20-25 (5th Dist.) (rejecting claims that the creation of a trust separated an individual from his assets and deprived a domestic-relations court of personal jurisdiction over him); *SoFi Lending Corp. v. Williams*, 2024-Ohio-1166, ¶ 5, 7-10, 19, 22 (8th Dist.) (a person cannot hide behind created entities to avoid the jurisdiction of a court), *appeal not accepted*, 2024-Ohio-2718. Sovereign-citizen arguments may not be used to challenge a court's jurisdiction. *See Furr v. Ruehlman*, 2023-Ohio-481, ¶ 2, 10-11 (sovereign-citizen defenses are not cognizable in mandamus). Seelbaugh's arguments that he is separate from the trust he created and that the domestic-relations court therefore lacked jurisdiction over him fail for the same reasons that the sovereign-citizen arguments raised in *Young* failed: a person cannot shield himself from a court's jurisdiction by creating a trust. *See Young* at ¶ 21-22.

{¶ 15} Regarding Seelbaugh's challenge to the domestic-court's subject-matter jurisdiction, "[w]hen a court has the constitutional or statutory power to adjudicate a particular class or type of case, that court has subject-matter jurisdiction." *Ostanek v. Ostanek*, 2021-Ohio-2319, ¶ 36. "[T]he legislature has expressly provided that 'the court of common pleas including divisions of courts of domestic relations has full equitable powers and jurisdiction appropriate to the determination of all domestic relations matters.'" *State ex rel. Gray v. Kimbler*, 2022-Ohio-3937, ¶ 14, quoting R.C. 3105.011(A). Here, the domestic-relations court had subject-matter jurisdiction over Seelbaugh's divorce and child-support actions. *See Ostanek* at ¶ 36 (the legislature has granted the "domestic-relations

courts subject-matter jurisdiction over divorce actions and the division of marital property"); *see also* R.C. 3105.011(B).

{¶ 16} Turning to Seelbaugh's third assignment of error, the issuance of a writ of prohibition for lack of personal jurisdiction is extremely rare. *LG Chem, Ltd. v. Goulding*, 2022-Ohio-2065, ¶ 9. "When a prohibition claim is predicated on defective service, 'if contested allegations of defective service of process are not premised upon a complete failure to comply with the minimum-contacts requirement of constitutional due process, prohibition does not lie.'" *Lundeen v. Turner*, 2021-Ohio-1533, ¶ 17, quoting *State ex rel. Suburban Constr. Co. v. Skok*, 1999-Ohio-329, ¶ 9. Because Seelbaugh does not assert that this is one of these rare instances where a writ of prohibition is proper due to a complete failure to comply with minimum-contacts requirements, his claim in prohibition for lack of personal jurisdiction necessarily fails.

{¶ 17} Since Seelbaugh has failed to show, in support of his second and third assignments of error, that the domestic-relations court lacks subject-matter or personal jurisdiction in his divorce and child-support cases, we reject both assignments of error.

### 2. Seelbaugh's due-process claims do not deprive appellees of jurisdiction

{¶ 18} As his fourth assignment of error, Seelbaugh argues that the Second District erred in dismissing his prohibition action because he had sufficiently set forth claims showing that both the domestic-relations court and the CSEA lack jurisdiction because their contractual arrangements deprived him of his due-process rights. According to Seelbaugh, the appointment of the magistrate who presided over his Title IV-D case created an improper incentive for the magistrate to allow the proceeding against him, because the magistrate's financial compensation depends on the amount of time the magistrate presides over child-support cases. Seelbaugh argues that this incentive and the CSEA's contractual arrangement with the domestic-relations court for Title IV-D cases violated his due-process rights and

removed both the domestic-relations court's jurisdiction and the CSEA's jurisdiction.

{¶ 19} To undo prior actions of the domestic-relations court and the CSEA in a prohibition action, Seelbaugh must show that they patently and unambiguously lacked jurisdiction. *See Rarden*, 2023-Ohio-3742, at ¶ 10. He has not carried this burden.

{¶ 20} As explained above, the domestic-relations court has subject-matter jurisdiction over Seelbaugh's divorce case. *See* R.C. 3105.011; *Ostanek*, 2021-Ohio-2319, at ¶ 36. The Revised Code specifically allows the appointment of a magistrate in Title IV-D cases. R.C. 3125.60. And each county has a CSEA, R.C. 3125.10, the duties of which include investigating defaults under a child-support order, *see* R.C. 3123.02 and 3123.03, and conducting administrative hearings on such defaults, *see* R.C. 3123.04. Thus, Seelbaugh's arguments that he suffered due-process violations fail to implicate the jurisdiction of either the domestic-relations court or the CSEA. *See State ex rel. Ames v. Ondrey*, 2023-Ohio-4188, ¶ 14 (the relator's weaving a due-process violation into his jurisdiction arguments did not change the fact that an alleged due-process violation is addressable on appeal). Accordingly, we reject Seelbaugh's fourth assignment of error.

### 3. Seelbaugh had adequate remedies at law

{¶ 21} Since the domestic-relations court and CSEA do not patently and unambiguously lack jurisdiction in his divorce and child-support cases, Seelbaugh must show the lack of an adequate remedy in the ordinary course of the law. *See State ex rel. Drouhard v. Morrow Cty. Bd. of Commrs.*, 2020-Ohio-4160, ¶ 19. "For an alternate remedy to constitute an adequate remedy in the ordinary course of the law, it must be 'complete, beneficial, and speedy.'" *State ex rel. Jones v. Paschke*, 2024-Ohio-135, ¶ 17, quoting *State ex rel. Gilmour Realty, Inc. v. Mayfield Hts.*, 2008-Ohio-3181, ¶ 14. Because Seelbaugh had adequate remedies at law to challenge both the CSEA's finding him in default of his child-support order and the

domestic-relations-court magistrate's finding him in contempt, he cannot satisfy this requirement.

{¶ 22} With respect to the CSEA's finding him in default of his child-support order, Seelbaugh had an opportunity to file a motion for an administrative hearing before the CSEA. *See* R.C. 3123.04. If such an administrative hearing had been held and Seelbaugh was dissatisfied with its outcome, he would have had an opportunity to file a motion for a court hearing. *See* R.C. 3123.05. The default notice attached to Seelbaugh's amended petition shows that he was notified of his rights to an administrative hearing and a court hearing.

{¶ 23} Regarding the domestic-relations-court magistrate's contempt order, Seelbaugh was able to file objections to the magistrate's decision. *See* Civ.R. 53(D)(3)(b). An opportunity to file objections to a magistrate's decision qualifies as an adequate remedy in the ordinary course of the law. *See State ex rel. Nalls v. Russo*, 2002-Ohio-4907, ¶ 27, 30. Seelbaugh also had an adequate remedy at law by way of appealing the decision of the domestic-relations court once it adopted the magistrate's decision. *See* Civ.R. 53(D)(4)(a) ("A magistrate's decision is not effective unless adopted by the court."); *see also State ex rel. Smith v. Hall*, 2016-Ohio-1052, ¶ 8 ("An appeal is considered an adequate remedy that will preclude a writ of prohibition."). Whether Seelbaugh received a favorable decision after pursuing either remedy is immaterial, because failing to receive a favorable decision does not render a remedy inadequate. *See State ex rel. O'Malley v. Collier-Williams*, 2018-Ohio-3154, ¶ 13.

{¶ 24} Because Seelbaugh had adequate remedies in the ordinary course of the law to challenge both the CSEA's finding him in default and the magistrate's holding him in contempt, Seelbaugh has failed to state a claim for a writ of prohibition.

*D. Seelbaugh failed to pay the required security deposit or file an affidavit of indigency*

{¶ 25} As his fifth assignment of error, Seelbaugh argues that the Second District erred in dismissing his prohibition action for failing to either pay the security deposit or submit an affidavit of indigency in accordance with the Second District's local rules. *See* Second Dist.Loc.R. 2. Seelbaugh alleges that he filed an affidavit of indigency with his petition. And he notes that he later filed a motion under Civ.R. 60(A) to correct the record with an affidavit of indigency that he alleges was originally filed with his petition.

{¶ 26} No affidavit of indigency is attached to Seelbaugh's original or amended petition. And nothing indicates that an affidavit of indigency was filed but mistakenly omitted from the docket. Since the record is devoid of any evidence indicating that Seelbaugh filed an affidavit of indigency when he filed his petition, the Second District correctly held that he failed to comply with its local rules. *See* Second Dist.Loc.R. 2. Therefore, we reject Seelbaugh's fifth assignment of error.

## III. CONCLUSION

{¶ 27} For the reasons explained above, we conclude that the domestic-relations court is not a proper respondent to Seelbaugh's prohibition action, Seelbaugh failed to set forth facts showing that the domestic-relations court or the CSEA lacked jurisdiction over his divorce and child-support cases, and Seelbaugh failed to comply with a local rule requiring payment of a security deposit or submission of an affidavit of indigency. Accordingly, we affirm the Second District Court of Appeals' judgment granting appellees' motion to dismiss his action seeking a writ of prohibition.

Judgment affirmed.

_____

Christopher Paul Seelbaugh, pro se.

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and Anu

Sharma, Assistant Prosecuting Attorney, for appellees.

—————————————